### 4274. BRINSON RAILWAY COMPANY *v.* BEARD.

1. There was no error in the refusal to admit in evidence testimony given at a former trial of the cause, which was offered on the ground that the witness was "inaccessible" for the reason that he was a non-resident of the county where the trial was had, being a resident of an adjoining county. The word "inaccessible," in section 5773 of the Civil Code, means that the witness is a non-resident of the State, and therefore beyond the jurisdiction of the court and not subject to its processes. It does not apply to a witness who, though absent from the county of the trial, is nevertheless, at the time of the trial, a resident of a different county in the same State; for, wherever he may be in the same State, the process of the court can reach him and compel him to testify by interrogatories or depositions.

2. There being no error of law complained of except as indicated in the foregoing headnote, and the evidence being in direct conflict, the judgment refusing a new trial must be **Affirmed.**

DECIDED OCTOBER 22, 1912.

Action for damages; from city court of Sylvania—Judge Boykin. May 3, 1912.

47

*Hitch & Denmark, J. W. Overstreet, Y. E. Bargeron,* for plaintiff in error.

*White & Lovett, H. L. Howard,* contra.

HILL, C. J.   This was a suit to recover damages for failure of the defendant railway company to deliver a car-load of cottonseed according to the terms of its bill of lading. The defendant excepted to the judgment overruling its motion for a new trial. The motion contains the usual general grounds, and a special assignment of error on the refusal of the trial court to permit the defendant to introduce in evidence the testimony of a witness for the defendant who had testified under oath at a former trial of the same cause.

As to the general grounds: there was direct conflict in the evidence as to the identity of the car-load of cottonseed covered by the bill of lading, the plaintiff contending, and showing by his evidence, that the bill of lading was for a car-load of cottonseed, numbered 11016, which had not been delivered to the consignee, and the railroad company contending that the bill of lading covered a car-load of cottonseed numbered 728, and that this car-load had been delivered to the consignee. The evidence is in some confusion on this question. It being purely a question of fact for determination by the jury, in the absence of complaint of any error of law, the verdict in favor of the plaintiff's contention can not be disturbed.

The special assignment of error is as follows: "Because the court erred in ruling out and refusing to admit in evidence the testimony of a witness for the defendant, to wit, S. W. Upchurch, who had testified under oath at a former trial of the cause. Said witness at the time of the ruling complained of was a non-resident of the county of Screven [where the cause was being tried], and resided at Swainsboro, Ga., was in the employ of the Georgia & Florida Railroad Company, had agreed to attend the hearing, and the superintendent of the Georgia & Florida Railroad had promised to have him present at the hearing, but the witness failed to appear. The defendant contended that under the circumstances he was inaccessible, within the meaning of the statute, and moved on that ground to introduce his evidence given at the former trial of the cause," a copy of which is attached to the motion.

The question for decision is as to the meaning of the word "in-

accessible" in section 5773 of the Civil Code, which is as follows:
"The testimony of a witness, since deceased, or disqualified, or in-
accessible for any cause, given under oath on a former trial, upon
substantially the same issue and between substantially the same
parties, may be proved by any one who heard it, and who professes
to remember the substance of the entire testimony as to the par-
ticular matter about which he testifies." In the first place it has
frequently been held by the Supreme Court that the admission of
testimony given at a former trial, under this statute, is largely
within the discretion of the trial court, and that this discretion,
unless manifestly abused, will not be disturbed by the reviewing
court. The exercise of this discretion rests upon the preliminary
showing as to diligence in procuring the presence of the witness,
or his testimony. *Robinson* v. *State,* 128 *Ga.* 257 (57 S. E. 315).
Certainly this court could not say that the trial judge had abused
his discretion under the facts shown in this case; for it seems that
the witness resided in a near-by county to that in which the trial
took place, but was not subpœnaed, nor were his interrogatories or
depositions taken. He was the employee of another railroad com-
pany, and the defendant had contented itself with the promise of
the witness to attend the hearing in person, and the promise of
the superintendent of the other railroad company to have him
present at the trial. But irrespective of this, the trial judge did
not err in his ruling that the facts set out in the motion did not
render the witness "inaccessible for any cause." This court, in
the case of *Swift* v. *Oglesby,* 8 *Ga. App.* 542 (70 S. E. 99), in
construing the meaning of "inaccessible," in this section of the
code, holds that a more liberal construction should be given to it
in criminal cases than in civil cases, because of the constitutional
provision that in criminal cases one accused of crime must be
confronted by the witnesses who testify against him; and in that
case it is said that in civil cases "the inaccessibility of the witness
is usually sufficiently shown by proving that he resided beyond the
limits of the State." This decision was simply following the prec-
edent of previous decisions of the Supreme Court on the subject.
In *Smith* v. *State,* 74 *Ga.* 714, it was held that where a witness
for the State in a criminal case testified on the commitment trial,
but at the time of the trial in the superior court was in a foreign
State and inaccessible, the testimony so given might be proved.

In the decision in *Pittman* v. *State,* 92 *Ga.* 480 (17 S. E. 856), which is in apparent conflict with what was held in the *Smith* case, it was held that while the death of a witness who has testified at the commitment trial will render what he then testified admissible in evidence in behalf of the State on the final trial of the accused for the same offense, yet the removal of the witness from the State and consequent inability to procure his attendance, the accused doing nothing to prevent his attendance, will not, the witness being still alive, render such testimony admissible. In *Watts* v. *Kilburn,* 7 *Ga.* 356, it was held that if the witness was beyond the process of the court, or was not to be found after diligent search had been made, his previous testimony in the same cause might be used; but in the opinion the learned Judge contented himself with a mere statement of the principle, without giving a definition of the meaning of the expression "beyond the process of the court." In *Adair* v. *Adair,* 39 *Ga.* 75, the court, in construing the meaning of the word "inaccessible" in the statute, held that it applied to a witness who, since the first trial of the cause, "had left the State and gone to the Cherokee Nation of Indians, west of the Mississippi River." See, also, to the same effect, *Newsome* v. *State,* 61 *Ga.* 481. In *Atlanta & Charlotte Railway Co.* v. *Gravitt,* 93 *Ga.* 371 (20 S. E. 551, 26 L. R. A. 553, 44 Am. St. Rep. 145), it was held that a witness was inaccessible, where he had moved to Texas, although his abode in that State was well known to the officers of the court, and also to the citizens of the county in which he resided before leaving Georgia. In *Smith* v. *Oglesby,* supra, which is relied upon by the plaintiff in error, this court held that in the second trial of a civil action, it is not error to admit proof of the testimony of a witness at a former trial, where it appears at the time of the second trial that the witness is a resident of another State.

In all of the cases above cited the word "inaccessible" was construed as applicable where the witness who testified at a former trial was, at the time of the second trial, a resident of another State. None of these decisions went to the extent of holding that where the residence of the witness was known and was in the State in which the trial was taking place, he was "inaccessible" within the meaning of the word as used in the statute. On the contrary, the Supreme Court has expressly decided that the word "inaccessi-

ble" is not applicable where the witness is a resident of another county of the same State. In *Broach* v. *Kelly,* 71 *Ga.* 698, it was held that "On the trial of an action of complaint for land, interrogatories of a witness, taken in an action on a note between the same parties, were not admissible, the witness being alive and in an adjoining county of the State and accessible. *Aliter,* had the witness been dead or beyond the jurisdiction of the court."

In the present case the motion shows that the witness was a resident of Swainsboro, Emanuel county, Georgia, which county, up to the time of the formation of the county of Jenkins, adjoined the county in which the trial took place. In *Taylor* v. *State,* 126 *Ga.* 557 (55 S. E. 874), it is expressly held that "a witness is not shown to be inaccessible, within the meaning of the Penal Code [of 1910, § 1027; Civil Code of 1910, § 5773], so as to authorize evidence as to what was the testimony of such witness on a former trial, when it merely appears that the witness is absent from the county, and when last heard from was within the limits of the State."

A witness who is in the State is not beyond the jurisdiction of the court; for, in whatever county of the State he may be, the process of the court can reach him, and he can be compelled to answer interrogatories or to give his depositions; but if he is beyond the limits of the State, the process of the court having no extra-territorial effect, it can not reach him and compel him to give his testimony by interrogatories or depositions. This is the reason why the word "inaccessible" is construed to mean that the witness must be beyond the limits of the State.

The ruling of the trial judge, refusing to allow the testimony of the absent witness given at a previous trial to be introduced in evidence, was clearly within the decisions last above cited.

In view of the language of the Supreme Court, and the apparent conflict of the decisions in construing the meaning of the word "inaccessible," as used in the statute now under consideration, we decline to sustain the motion to assess damages for delay.

*Judgment affirmed.*