## 9240.   SMITH v. CITY OF ATLANTA.

JENKINS, J. 1. The measure of damage to abutting property caused by changing the grade of a street is the difference between the market value of the property before and after the change of grade. *City of Atlanta v. Atlas Realty Co.,* 17 *Ga. App.* 426 (87 S. E. 698), and cases cited.

2. In a suit against a municipality for damage to abutting property from changing the grade of the street in front of the property, testimony as to the value of other abutting lots similarly affected by reason of the change in the grade of the street would be relevant. *Hurt* v. *Atlanta,* 100 *Ga.* 274 (28 S. E. 65); *Mayor &c. of Americus* v. *Tower,* 3 *Ga. App.* 159 (59 S. E. 434).

3. While testimony to the effect that as soon as the agitation of the movement to change the grade of the street was begun, but before any work was actually commenced, the market value of similar abutting properties began to increase, could not be admissible for the purpose of showing an actual enhancement of the market value of the property in dispute by reason of the change, of which the city could avail itself, still, since the evidence thus adduced was relevant for the purpose of throwing light upon the actual value of the property prior to the change (*Gate City Terminal Co.* v. *Thrower,* 136 *Ga.* 456, 465 (3), 71 S. E. 903), and as the trial judge gave to the jury the correct measure of damages, this evidence does not afford a ground of complaint to the plaintiff.

4. It is alleged that the court erred in permitting the witness M. F. Amorous to testify from a certain blue-print or plat of Ivy street, showing the change from the old to the new grade on that street, and that the court erred in allowing the witness to refresh his memory from this plat, it being in evidence that he did not make the plat, and was without knowledge of its making. *Held:* A witness may refresh and assist his memory by the use of any written instrument or memorandum,

and it is not essential that the memorandum should have been made by the witness himself, provided he finally speaks from his recollection thus refreshed; but in order to testify positively from the paper itself, he must either have made the paper himself, or if not so made, at some time when the facts were fresh in his memory, he must have known the facts stated in the paper to be correct. Civil Code (1910), § 5873; *Lenney* v. *Finley,* 118 *Ga.* 427 (45 S. E. 317); *Shrouder* v. *State,* 121 *Ga.* 615 (49 S. E. 702); *Georgia Excelsior Co.* v. *Hartfelder-Garbutt Co.,* 12 *Ga. App.* 797 (78 S. E. 611). From an examination of the brief of evidence it appears that the witness, after having testified from memory as to the changes in the grade of the street, upon having the plat presented to him, further testified: "The statements I made are in accordance with this map exactly; I don't need any refreshing, because this map bears out the statements I made exactly." It thus appears that the witness did not testify from the plat or blue-print itself, nor in fact did he even refresh his memory by reference thereto.

5. Under the foregoing rulings, grounds 1 to 15 (inclusive) of the amendment to the motion for a new trial are without merit.

6. There was no error in the excerpt from the charge of the court complained of in the remaining special ground of the motion for a new trial; there was ample evidence to authorize the verdict, and the court did not err in overruling the motion for a new trial.

    *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

      DECIDED JULY 12, 1918.

Action for damages; from Fulton superior court—Judge Bell. September 15, 1917.

*Rosser, Slaton, Phillips & Hopkins,* for plaintiff.

*J. L. Mayson, S. D. Hewlett,* contra.