## RICHARDS *v.* THE STATE.

1. Upon the trial of one charged with the offense of murder, evidence that there had been altercations between the accused and the deceased was not of sufficient materiality to make the rejection of the evidence ground for the grant of a new trial, where the times at which such altercations took place were not indicated. If such altercations were in the remote past, the evidence was immaterial; and the ground of the motion complaining of the rejection of this evidence does not indicate in any way the times of the occurrences referred to.

(a) The same ruling applies to the evidence offered as to the display of a " violent temper " on the part of the decedent against the accused.

2. Evidence that the deceased at some indefinite time in the past had sought to engage the services of a named party to " watch certain people in this town," it not appearing that the people referred to were in any way connected with the commission of the crime, was immaterial; nor was it admissible for the restricted purpose of " illustrating the mental condition and temperament " of the deceased.

3. Testimony of a witness who saw the accused immediately after he had shot the deceased, that the accused " looked mad," is not objectionable on the ground that it was a conclusion of the witness. See 5 Enc. Ev. 674 et seq., and cases there cited.

4. Where a witness for the State testified that the accused had admitted that he fired the shot which resulted in the killing of the deceased, counsel for the plaintiff in error should have been permitted upon cross-examination to elicit from the witness all of the statements made by the accused in connection with that admission; and the refusal of the privilege of a full and complete cross-examination upon this point was error.

No. 2663. OCTOBER 15, 1921.

Indictment for murder. Before Judge Shurley. Taliaferro superior court. May 30, 1921.

*J. A. Beazley* and *Alvin G. Golucke,* for plaintiff in error.

*George M. Napier, attorney-general, M. L. Felts, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.

BECK, P. J. Garnett Richards, was tried under an indictment charging him with the offense of murder, it being charged that he did kill and murder one Julian Richards, the brother of the accused. The jury trying the case returned a verdict of guilty, with a recommendation to mercy. Whereupon the defendant made a motion for new trial, which being overruled, he excepted.

1-3. It would not be profitable to discuss or elaborate the rulings made in headnotes 1, 2, and 3.

4. In another ground of the motion for new trial error is assigned upon a ruling of the court which amounted, the movant contends, to a denial of the privilege of cross-examining a witness

for the State in regard to a material issue as to which that witness had given testimony. The witness on direct examination testified that the defendant had admitted to him that he shot Julian Richards, the decedent; and counsel for the plaintiff in error propounded questions by which they sought to elicit from the witness all that the defendant said in connection with his admission that he shot the deceased. This colloquy took place: Mr. Beazley (counsel for the accused) : " You stated awhile ago that Garnett admitted shooting Julian. What did he say when he admitted it? " Mr. Felts (counsel for the State) : " Wait a minute. We object to that." Mr. Beazley: " It is a part of the res gestæ." Mr. Felts: " That is not a part of the res gestæ, and no self-serving declaration is admissible here." Judge Shurley: " How is a declaration in his own interest admissible? " Mr. Beazley: " If it is a part of the res gestæ, it makes no difference whether it was self-serving or otherwise." Judge Shurley: " A self-serving declaration would be inadmissible, though it was a part of the res gestæ." Mr. Beazley: " We insist that the answer to the question is admissible, in the first place, because it is a part of the res gestæ. For the second reason, we insist that it is admissible because this witness has said that Garnett Richards admitted shooting Julian Richards, and we certainly are entitled to the words that Garnett Richards used. . . We would like to get this in the record, that we are insisting that we have a right to cross-examine this witness without limit as to how that admission was made and the language it was made in; and we except to the denial of the right to cross-examine the witness on that admission." The court denied the right to the defendant to cross-examine the witness on how, when, and in what manner Garnett Richards admitted shooting Julian Richards.

It was error for the court to deny to the accused and his counsel the privilege of full and complete cross-examination of the witness who had testified to the admission. The admission standing alone tended to fix upon the accused the crime of murder with which he was charged. From an admission of a fatal shooting there follows the inference of guilt, unless in that connection the party making the admission states some matter of excuse or alleviation. And if matters of excuse or alleviation are made as a part of the statement admitting the homicide, then the presump-

tion of guilt does not arise necessarily from the admission, as it does where the bare fact of the homicide is admitted and no facts that palliated its commission are stated. The fact that such matters may have been self-serving declarations would not, if stated in connection with the incriminating admission which was introduced by the State, exclude them from evidence. "When an admission is given in evidence, it is the right of the other party to have the whole admission and all of the conversation connected therewith." Penal Code (1910), § 1030. "Where one side elicits a part of a conversation, that the other side are entitled to all that was said at the time in the same conversation is too well settled to be doubted or questioned." *Betts* v. *State*, 66 *Ga.* 509 (5). We will not multiply quotations of authorities on this question. We do not rule that anything said in connection with the killing at the time of making the admission by the accused would necessarily have been a part of the res gestæ; but it was admissible independently of whether it was a part of the res gestæ or not. The error of the court here pointed out is not cured by the fact that in a cross-examination of this witness he did testify: "He [the accused] just says, ' I'm sorry I done it, but I told you I done it.' That's all the words he used right then connected with those utterances. That's all I heard him say while I was there. He said, ' I'm sorry I done it, but I told you I would do it.' He didn't state along there also that ' You forced me to do it, and you're to blame.' I have told you all he said while I was there, and that's all I know about it. Just like awhile ago, I can't tell you how long I stayed in the room after I first got there without going out; everybody was so excited and coming in there; it might have been four minutes, and it might have been twenty. It wasn't less than four minutes, and it wasn't over twenty." While this testimony of the witness just quoted apparently shows that cross-examination would not have elicited anything further in favor of the accused, it can not be said that upon full cross-examination other matters might not have been elicited. Upon cross-examination the defendant's counsel would have had the right to propound leading questions — questions which would have called attention to matters that had passed out of the witness's mind and which would have refreshed his memory. At any rate the

14

plain statement is certified to by the court, that defendant's counsel by the ruling of the court was denied the right to cross-examine the witness on " how, when, and in what manner Garnett Richards admitted shooting Julian Richards." The right to cross-examine has always been recognized as a most valuable right to the accused upon his trial; and the deprivation of this privilege, where it is properly claimed, as in the present case, is ground for the grant of a new trial.

Having held that a new trial will be granted upon that ground of the motion just disposed of, it is unnecessary to pass upon the question made by the exception to the court's overruling of the motion for a continuance of the case, which was made by the defendant, and also upon the question made by the challenge to the array of the jurors; as these questions are not likely to arise upon another trial. None of the other grounds of the motion show cause for the grant of a new trial.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent on account of sickness.*