### 13142. VEAL v. WOOD.

JENKINS, P. J. 1. The court did not err in admitting the plaintiff's testimony that a certain number of feet of lumber, on which he claimed a sawmillman's lien, had been cut by him, although the exact figures were stated from entries made in books of account, and although the books themselves were not offered, since the witness testified that he himself had made the entries and that these were correct, and, after refreshing his recollection from the books, swore positively as to such amount. Civil Code (1910), § 5873; *Akins* v. *Ga. R. & Bkg. Co.,* 111 *Ga.* 815 (3) (35 S. E. 671); *Hematite Co.* v. *East Tenn. &c. Ry. Co.,* 92 *Ga.* 272 (18 S. E. 24). The remainder of the lumber on which the lien was claimed likewise was properly proved by the evidence of the plaintiff's sawyer, who swore positively as to the quantity cut by him after refreshing his memory from entries, made by him in his book, which he verified as correct.

2. Where the proprietor of a sawmill contracts with the owner of certain timber to convert the same into lumber, at a stated price per thousand feet, and subsequently enters into an agreement with the owner of a logging outfit, whereby the latter is to cut and haul the logs at his expense for all labor thus expended and for the upkeep of his oxen and carts so employed, receiving therefor an equal proportion of the contract price agreed upon for the sawing, the relation of partnership does not exist between the proprietor of the sawmill and the logger thus employed. In such a case, where the compensation of the logger is not contingent on the future profits arising from the performance of the contract made with the owner of the timber, but where under the terms and effect of the agreement it may be taken to have been thus fixed at a certain and definite amount, the relationship between the proprietor of the sawmill and the logger amounts to nothing more than that of employer and employee, and the former is entitled to foreclose the statutory lien in his own name. This is true notwithstanding it may appear that the parties to the logging agreement used the word "profits" in referring to the compensation which the logger was to receive for his services. *Buckner* v. *Lee,* 8 *Ga.* 285, 288.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 23, 1922.

Lien foreclosure; from city court of Sandersville — Judge Goodwin. November 5, 1921.

*Evans & Evans,* for plaintiff in error.
*A. R. Wright, Jordan & Harris,* contra.