## 14353. RICHARDS v. THE STATE.

1. Where a person on trial under an indictment which charged him with murder admitted that he shot the deceased, and the evidence showed that the deceased died the day after he was shot, from the wound thus inflicted, and where counsel for the accused, " throughout the trial, contended that the defendant shot and killed . . [the deceased] in self-defense," and there was no insistence that the death was from any other cause, it was not error requiring the grant of a new trial that the judge, in stating the contentions of the accused, told the jury that the accused admitted that he *killed* the deceased.
2. The instructions to the jury on reasonable doubt were not erroneous.
3. The 3d special ground, not being argued, will be treated as abandoned, there being no general insistence upon all the grounds of the motion.
4. The charge of the court in reference to the indeterminate-sentence law contains no error that would require the grant of a new trial.
5. Under the particular facts of this case a new trial will not be ordered because of the admission of the evidence of which complaint is made in the 5th ground of the motion for a new trial.

DECIDED MAY 15, 1923.

Conviction of manslaughter; from Wilkes superior court — Judge Shurley. February 9, 1923.

Application for certiorari was denied by the Supreme Court.

J. A. Beazley, Alvin G. Golucke, for plaintiff in error.

M. L. Felts, solicitor-general, contra.

BLOODWORTH, J. In Taliaferro county plaintiff in error shot his brother Julian, who was carried to Atlanta for an operation and died the next day. An indictment was returned in which the plaintiff in error was charged with murder. After two trials in Taliaferro county (for report of one of these see *Richards v. State, 152 Ga.* 207, 108 S. E. 800), the venue was changed and the case tried in Wilkes county. This trial resulted in a verdict of voluntary manslaughter, and the jury fixed the punishment at a minimum of ten years and a maximum of fifteen years. A motion for a new trial was overruled, and the accused excepted.

1. In stating to the jury the contentions of the defendant the court said: ".The State contends that the defendant did, on the date alleged in the indictment, with force and arms, unlawfully. feloniously (he then and there being a man of sound mind and discretion) kill and murder, by shooting, Julian Richards, but the defendant on his part contends that he is neither guilty of murder, nor is he guilty of the offense of voluntary manslaughter; while he *killed* Julian Richards, as alleged in the indictment, that at the time of the shooting he was acting under the fears of a reasonable

man; that the circumstances were such as to arouse in him a fear that his life or limb was in danger at the time of the shooting, and that, therefore, he was within his rights in repelling an assault — a felonious assault — made on him by Julian Richards, and that therefore he was justified in what he did." It is insisted that this portion of the charge is error because the defendant never admitted that he killed Julian Richards, but admitted only that he had shot Julian Richards, and contended that the State had no sufficient evidence to prove that the defendant's shot caused the death of Julian Richards. The trial judge qualified this ground of the motion for a new trial as follows: " It was not contended by the defendant or his counsel that the death of Julian Richards was caused in any other manner than by the wound inflicted by the defendant. The issue was clear and clean cut, the defendant contending that he shot in self-defense and under the fears of a reasonable man that a felony was about to be inflicted upon him, and his counsel throughout the trial contended that the defendant shot and killed Julian Richards in self-defense, and was justifiable and should not [be] found guilty of either murder, voluntary manslaughter, or any other crime. It was not contended by defendant or his counsel that Julian Richards died from any other cause than the shot by the defendant, nor was it contended that there was no evidence to authorize the jury to find that the defendant killed Julian Richards." In addition to the foregoing qualifying note Dr. Portwood, the physician who was called in immediately after the shooting, testified that the deceased died from this shot. There is, therefore, no merit in this ground of the motion for a new trial. See *Jones* v. *State,* 130 *Ga.* 286 (60 S. E. 840), and cases cited; *Thomas* v. *State,* 27 *Ga. App.* 38 (3), 40 (3) (107 S. E. 718), and cases cited.

2. The court instructed the jury as follows: " A reasonable doubt is such a doubt as would arise in the mind of an honest juror who, after taking his oath, goes into the jury-box with the interest of the State and society in one hand, and the interest of the defendant in the other, looking to all the evidence, the prisoner's statement, under the charge of the court, with only one purpose in view, and that to do equal justice between the State and the accused, and is such a doubt as leaves the mind wavering and unsettled, and it must arise from the want or insufficiency of the evidence or the circumstances of the case." It is insisted that

this charge was error, " because a reasonable doubt can arise from a conflict in the evidence," and " because the evidence presents two conflicting theories as to how the homicide occurred," and by this instruction " the defendant was denied the benefit of a reasonable doubt arising from an uncertainty in the minds of the jury as to which theory presented the truth of the occurrence," and " because the court instructed the jury that a reasonable doubt must arise from the want or insufficiency of evidence." In the brief of counsel for the plaintiff in error the last of these three reasons was not argued. There is no merit in either of the other contentions. Moreover, the judge charged the jury fully in reference to the defendant's statement, and as to their duty to reconcile any conflicting testimony, and to acquit the accused unless they were satisfied of his guilt beyond a reasonable doubt. In the light of the entire charge there was no error in the excerpt quoted in this ground of the motion for a new trial. See *Griggs* v. *State,* 17 *Ga. App.* 304 (12) (86 S. E. 726), and cases cited.

3. The 3d ground of the amendment to the motion for a new trial is not argued in the brief of counsel for the plaintiff in error, and, as there is no general insistence upon all the grounds of the motion, this ground will be treated as abandoned.

4. In the verdict the jury fixed the punishment at a minimum of ten and a maximum of fifteen years. Where the judge charges the jury that " The law provides that the jury shall fix the punishment to be imposed, should you find him guilty. The judge has no discretion in the matter at all, and you cannot fix a minimum sentence of less than one year, nor can you fix a maximum sentence of more than twenty," it is not error for the judge to add, by way of illustration, " but can fix a minimum sentence of one year and a maximum of five years; a minimum of five, a maximum of ten; a minimum of ten, a maximum of fifteen, a minimum of fifteen, and a maximum of twenty ."

5. On a preliminary examination made for the purpose of determining whether or not the evidence of Dr. Portwood on a former trial, and at which time he was cross-examined, was admissible, on the ground that he was a resident of Louisiana and inaccessible as a witness, the bill of exceptions shows that a letter was " introduced in evidence, over the objection of the defendant," and that the " contents of said letter were not admitted to the

jury, but were considered only by the court on passing upon the accessibility of Dr. Portwood and his willingness to attend the trial." Even should we grant that the judge should not have considered this letter, this error would not require the grant of a new trial, as there is other evidence that Dr. Portwood was a nonresident, one witness having testified substantially and without objection that "he lives in New Orleans, Louisiana," and it is not insisted that he lived elsewhere. *Matthews* v. *Richards,* 19 *Ga. App.* 489 (2) (91 S. E. 914); *Louisville & Nashville R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6), and citations. Moreover, while objections to this letter were offered on the preliminary examination, the record fails to shows that any objections were made to the introduction of the evidence of Dr. Portwood which was given at a former trial of the case. It was conceded that the evidence read to the jury "was a correct transcript of the evidence of Dr. Portwood taken at the last trial of the case." See Civil Code (1910), § 5773; Penal Code (1910), § 1027; *Hunter* v. *State,* 147 *Ga.* 823 (1) (95 S. E. 668); *Brinson Ry. Co.* v. *Beard,* 11 *Ga. App.* 737 (1) (76 S. E. 76). The motion for a new trial was properly refused so far as this ground is concerned.

6. There is ample evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*