15772.   CARSWELL, MOXLEY & SON *v.* HARRISON.

BLOODWORTH, J. 1. The 3d special ground of the motion for a new trial alleges that the court erred in excluding certain testimony given by a witness on a former trial of the case. Even if it should be conceded that the witness was inaccessible, this ground can not be considered, as it is incomplete, in that it does not show that there was present and offered as a witness any one who heard the witness testify and who professed to remember the substance of the entire testimony as to the particular matter about which he testified. Civil Code (1910), § 5773; *City of LaGrange* v. *Cotter,* 29 *Ga. App.* 577 (2) (116 S. E. 204); *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (1) (85 S. E. 361).

2. When the facts of this case and the entire charge are considered, the court did not err in failing to instruct the jury as complained of in the 4th special ground of the motion for a new trial. Under the laws of this State, "until majority, the child remains under the control of the father, who is entitled to his services and the proceeds of his labor. This parental power is lost by voluntary contract, releasing the right to a third person." Civil Code (1910), § 3021. Under this statute, when the "parental power" is lost by the parent and passes to one who stands in loco parentis, it remains in the third person until the child reaches majority. See *Howard* v. *Randolph,* 134 *Ga.* 691 (1), 692 (1, 2)

(68 S. E. 586); *Carter* v. *Brett*, 116 *Ga.* 114 (1) (42 S. E. 348). Of course, conditions might arise which would authorize the annulment of the contract. *Bentley* v. *Terry*, 59 *Ga.* 555 (3), 557 (3).

3. For no reason assigned did the court err in admitting the testimony of Henrietta Rudy which was given on the former trial of the case, it being shown that this witness was at the time of the trial living in South Carolina, and therefore beyond the jurisdiction of the State. Civil Code (1910), § 5773; *Hunter* v. *State*, 147 *Ga.* 823 (1) (95 S. E. 668); *Brinson Ry. Co.* v. *Beard*, 11 *Ga. App.* 737 (76 S. E. 76).

4. When considered in connection with the facts of the case and the remainder of the charge of the court, the excerpts complained of contain no error that would require the grant of a new trial.

5. None of the special grounds of the motion for a new trial not hereinbefore referred to shows any cause for a reversal of the judgment.

6. This court can not hold that there is no evidence to support the verdict; and, as the verdict has the approval of the trial judge and no error of law was committed, the judgment is

*Affirmed.* *Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 9, 1924. REHEARING DENIED JANUARY 13, 1925.

Complaint; from city court of Louisville—Judge Barwick. May 26, 1924.

*Roy V. Harris,* for plaintiffs in error.

*W. T. Revell,* contra.