## MITCHELL *v.* THE STATE.

No. 11444. OCTOBER 15, 1936.

*Henry T. Chance Jr.,* and *Roy V. Harris,* for plaintiff in error.
*M. J. Yeomans, attorney-general, George Hains, solicitor-general, B. D. Murphy,* and *E. J. Clower,* contra.

HUTCHESON, Justice. Mike Mitchell was indicted, tried, and convicted of the offense of murder. His motion for new trial was overruled, and he excepted. Error is assigned on various portions of the charge of the court to the jury, on the failure of the court to charge certain principles of law, and on the admission of certain testimony over objection.

■ Where evidence of dying declarations is admitted, it is not error for the court, in the absence of a written request duly presented, to fail to give in charge to the jury the law in regard thereto. *Miles* v. *State,* 182 *Ga.* 75 (185 S. E. 286); *Cash* v. *State,* 18 *Ga. App.* 486 (2) (89 S. E. 603).

■ Where the defendant in his statement to the jury admits

that he cut the deceased and claims self-defense, and the evidence is uncontradicted that deceased died from the wounds inflicted by defendant, it is not error for the judge in his charge to the jury to intimate or express an opinion that defendant killed deceased. *Lyles* v. *State*, 130 *Ga.* 294 (5) (60 S. E. 578); *Richards* v. *State*, 30 *Ga. App.* 267 (117 S. E. 759).

■ The evidence disclosed that the defendant asked his wife to go by the house of the deceased and get the wife's sister, with whom the defendant had had illicit relations, and had stated that he intended to continue to do so. He stated to the wife that if she should get the sister he (defendant) would take care of the deceased. The defendant had made statements threatening the life of both the deceased and the sister, who were then living together, the sister having left the defendant. The sister refused to leave the house of the deceased with the wife, and the defendant went to the home of the deceased, knocked on the porch, and when the deceased asked who was there the defendant replied, "Johnny." When asked again he made no reply. The deceased then got an ice-pick, cursed, and said, "I heard about you." He then said to the sister, "I am going out of the door, you thumbbolt it behind me," which the sister did. Immediately thereafter deceased was cut by defendant. At the trial he defended on the ground of self-defense. The jury would have been authorized to find that there was an intent on the part of the deceased and the defendant to engage in mutual combat; and this theory being involved by the evidence, the judge erred in failing to charge the jury on the law of voluntary manslaughter as relating to the doctrine of mutual combat. *Tate* v. *State*, 46 *Ga.* 148 (3); *Ison* v. *State*, 154 *Ga.* 408, 417 (114 S. E. 351).

The other assignments of error are without merit.

*Judgment reversed. All the Justices concur, except Gilbert and Bell, JJ., who dissent, and Atkinson, J., absent because of illness.*