25641. CLACKUM *v.* THE STATE.

DECIDED NOVEMBER 20, 1936.   REHEARING DENIED DECEMBER 17, 1936.

*G. Seals Aiken, J. D. Bradley, C. P. Goree,* for plaintiff in error. *John A. Boykin, Solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J.  The indictment charged "Jesse L. Clackum with the offense of perjury for that said accused, in the County of Fulton and State of Georgia, on the 22d day of January, 1934 with force and arms, did wilfully and knowingly swear absolutely falsely, in a judicial proceeding in the city court of Atlanta, said proceeding being a suit for damages in said court where Mrs. M. E. Kelley was plaintiff and Southern Grocery Stores Incorporated was defendant, and the case was No. 48273 in said court. The city court of Atlanta had jurisdiction over the person of the defendant and over the

subject-matter of said suit. A legal oath was administered to accused to testify 'the truth, the whole truth, and nothing but the truth,' in said case, under the supervision and by the direction of Honorable Hugh M. Dorsey, Judge of the city court of Atlanta, who was then and there presiding in the trial of said cause, and who had the legal authority to administer the oath to said witness. After having been sworn as a witness in said cause, and during said trial, accused testified under oath that on December 19th, 1932, at about five or five-thirty o'clock p. m., he went with his son to a Rogers store on Cascade Avenue; that his boy stopped at this Rogers store to get him some groceries; that Mrs. Kelley went into the store ahead of him; that she went to the right aisle, on back down to the right-hand side of the store; that he was standing in the front, and she went down toward the rear of the store; that he heard a blundering back there, and that he, accused, went back down there and she (meaning Mrs. M. E. Kelley) was lying in the floor, or either on a box or something, sitting down; she was down there in the floor; I just went back there when she fell, and she was down on the floor. He further testified as follows.: 'We were just passing by there, and we just stopped in there at Rogers store to get some fruits and stuff. . . Me and my son stopped to buy vegetables or fruits, or whatever it was.' Accused testified on said trial, 'Yes, this morning is the first time since December 19th, 1932, that I ever talked to anybody about this case. . . I just saw that, and went on out and went home. . . I have never mentioned this case to Mr. Williford. I did not even know he was in the case. . . Mr. Williford hasn't mentioned to me about this lawsuit, and nobody else has mentioned about it to me, and I haven't mentioned it to a soul. I didn't know anything about it.' The testimony above quoted literally, and that quoted in substance was absolutely false, and was known to be false by the accused when he so testified. Accused did not go to the store of Southern Grocery Stores Incorporated, generally called Rogers Stores, and so referred to by accused in his testimony, where Mrs. M. E. Kelley claimed in the above designated suit that she was injured. He did not see Mrs. Kelley in said store on the occasion referred to. Accused was employed by the Georgia Power Company in rebuilding power and light wires and cables which had been broken down by said sleet and ice, at the time of the alleged accident and injury to the said

Mrs. M. E. Kelley, and was in a section of the city remote from the store in which Mrs. M. E. Kelley was alleged to have been injured. Accused did not see Mrs. M. E. Kelley in the store where she claimed to have been hurt. Accused was in the office of Ben Williford, attorney for Mrs. M. E. Kelley in the suit herein referred to, and discussed the alleged accident—which was the basis of the suit—with said attorney and his client before the trial of the suit. Said false testimony was material to the issue involved in said suit, namely, whether the plaintiff, Mrs. M. E. Kelley, fell and was injured in a store of the Southern Grocery Stores Incorporated, on December 19th, 1932, and whether or not the negligence of said named corporation was responsible for said alleged accident, and whether or not said corporation was liable in damages therefor. All the acts of accused herein complained of constitute the offense of perjury and were and are contrary to the laws of said State, the good order, peace, and dignity thereof." The jury returned a verdict finding the defendant guilty. His motion for new trial was overruled.

■ "While disqualification of a grand juror propter defectum may be good ground for quashing a criminal accusation preferred by the grand jury of which he was a member, mere disqualification of a grand juror propter affectum is not a good ground for a plea in abatement, and will not require the dismissal of the charge." *Bitting* v. *State,* 165 *Ga.* 55 (2) (139 S. E. 877) ; *Snead* v. *State,* 38 *Ga. App.* 797 (145 S. E. 919) ; *York* v. *State,* 42 *Ga. App.* 453 (34), 459 (156 S. E. 733) ; *Thompson* v. *State,* 47 *Ga. App.* 229 (170 S. E. 328). The defendant filed a motion to quash the indictment and a plea in abatement alleging that two named members of the grand jury that returned the indictment for perjury against him were disqualified for interest, in that they were employees of the Georgia Power Company, which company was a contributor to the Southern Index Bureau, which bureau in turn contributed to a fund for the prosecution of said charge against him. The motion to quash and the plea in abatement contained the further allegation that there was not sufficient evidence presented before the grand jury to justify the return of a true bill. Evidence was heard by the judge, and the motion to quash and the plea in abatement were overruled. The evidence submitted disclosed that there was sufficient evidence before the grand jury to authorize the return

of a true bill. The ruling in the *Bitling* case, supra, makes it unnecessary to go into the evidence produced on the disqualification of the grand jurors.

■ "Perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming, in a matter material to the issue or point in question, in some judicial proceeding, by a person to whom a lawful oath or affirmation has been administered." Code § 26-4001. "In a broad sense, an indictment in which the essential elements of the crime charged are set out with such particularity as will fully apprise the accused of the exact nature of the offense and the manner in which it was committed is sufficient to withstand a general demurrer. The adoption of any rule more narrow would be mere legal trifling, and would preserve no substantial rights to which any man accused of crime is entitled under the law." *Ruff* v. *State,* 17 *Ga. App.* 337 (86 S. E. 784). The indictment in the present case, heretofore quoted in full, set forth explicitly every fact and circumstance constituting the crime of perjury as defined by our Code, and was not subject to general demurrer.

■ "In a prosecution for perjury it is permissible to join in a single count of the indictment a number of separate and distinct material statements alleged to have been falsely sworn to by the defendant in the same legal investigation." *McLaren* v. *State,* 4 *Ga. App.* 643 (62 S. E. 138). The gist of the offense of perjury is the disregard and corrupt violation of an oath, and separate false statements made by a witness in the same legal proceeding can not be charged as separate and distinct offenses of perjury. *Black* v. *State,* 13 *Ga. App.* 541 (79 S. E. 173). The indictment was not subject to the demurrer that it attempted to set out several charges of perjury in one count in one indictment, contrary to law. It is apparent that the false statements assigned in the indictment were made in the same legal investigation.

■ While it is true that "an indictment for perjury should specifically allege how and wherein the testimony upon which the perjury is assigned was material to the issue in the trial in which the alleged false testimony was delivered" (*Askew* v. *State,* 3 *Ga. App.* 79, 59 S. E. 311; *Aaron* v. *State,* 12 *Ga. App.* 40, 76 S. E. 753), yet "it is not essential . . that the materiality of the testi-

mony should be demonstrated by an argument incorporated in the indictment" (*Ruff* v. *State,* supra) ; and the question whether particular statements were material depends upon the nature of the proceeding and the matters at issue, and can be determined in each case for that case only, one test of materiality being whether the alleged false statements could have influenced the decision as to the question at issue; and where the indictment, as in the present case, alleges that certain testimony set forth therein was false, and was given by accused in a matter material to a specified issue or point in question in a described judicial proceeding, it is sufficient as to the materiality of the testimony, without stating in detail the facts showing how same was material. *King* v. *State,* 103 *Ga.* 263 (30 S. E. 30).

■ Perjury may be assigned on false testimony going to the credit of a witness. If a witness is called to testify on a material issue in a case, any matter relevant to his credit becomes collaterally material to the issue, upon which perjury may be assigned. *Wilson* v. *State,* 115 *Ga.* 206 (4 S. E. 696, 90 Am. St. R. 104) ; *Oxford* v. *State,* 40 *Ga. App.* 511 (150 S. E. 466). That part of the present indictment which alleged that in the trial of the case of Mrs. M. E. Kelley against Southern Grocery Stores Inc., a suit for damages brought by Mrs. Kelley against the Southern Grocery Stores for injuries alleged to have been received by Mrs. Kelley in one of the defendant's stores, the accused swore falsely that he had not talked to Mr. Williford, the attorney for Mrs. Kelley, or any one else before the trial, was not subject to the special demurrer that the indictment did not show wherein such testimony was material, under the above-quoted principle, where the indictment set out that accused had testified on the material issue of whether or not Mrs. Kelley was actually injured in the store of defendant.

■ In an indictment for perjury it is not necessary that the exact language of the defendant in the former trial be set out. The substance of the false statement is all that is necessary. 21 R. C. L. 266, § 14. See *McLaren* v. *State,* supra; *Cain* v. *State,* 10 *Ga. App.* 473 (73 S. E. 623).

■ "A witness who himself enters in a book a memorandum of a particular occurrence may afterwards testify to the correctness of the entry and to the fact that the occurrence actually took place, although he can not, independently of the memorandum, remember

this fact." *Atkins* v. *Georgia Railroad & Banking Co.*, 111 *Ga.* 815 (35 S. E. 671) ; Code, § 38-1707; *Proctor & Gamble Co.* v. *Blakely Oil &c. Co.*, 128 *Ga.* 606 (57 S. E. 879) ; *Lenney* v. *Finley*, 118 *Ga.* 427 (45 S. E. 317) ; *Jones* v. *State*, 99 *Ga.* 46 (25 S. E. 617) ; *Sizer* v. *Melton*, 129 *Ga.* 143 (58 S. E. 1055) ; *Rogers-McRorie Co.* v. *Robeson Cutlery Co.*, 13 *Ga. App.* 495 (79 S. E. 374) ; *Smith* v. *Atlanta*, 22 *Ga. App.* 511 (96 S. E. 334) ; *Veal* v. *Wood*, 29 *Ga. App.* 94 (113 S. E. 818) ; *Schmidt* v. *Wambacker*, 62 *Ga.* 321; *Williams* v. *Kelsey*, 6 *Ga.* 388. Therefore it was not error for the judge to allow the court reporter of the trial in which the defendant was accused of having committed perjury to detail from his notes, on examination by the solicitor-general, the testimony of the defendant in the former trial, where he testified that he made the notes and knew them to be a correct transcription of the accused's testimony, although he further testified that he had no recollection of the testimony, independently of his notes. Nor was it error to allow the same to be introduced in evidence. *Davis* v. *State*, 91 *Ga.* 167 (17 S. E. 292) ; *Burnett* v. *State*, 87 *Ga.* 622 (2) (13 S. E. 552) ; *Barksdale* v. *Security Investment Co.*, 120 *Ga.* 388 (47 S. E. 943).

■ Where the solicitor-general made certain alleged prejudicial remarks within the hearing of the jury, and counsel objected thereto and stated to the court, "I think counsel should be reprimanded," but no motion for mistrial was made, an assignment of error that the court erred *in failing to declare a mistrial*, is without merit. Moreover, had a motion for mistrial been made, we do not think the statement of the solicitor-general was so prejudicial as to require a reversal for failure to grant the motion.

■ "Where the court provisionally admits evidence on the promise of the solicitor-general that he will subsequently connect the same and show its relevancy, it is not for the judge, of his own motion, to determine whether such promise has been kept and to exclude the testimony, without a request to that effect by the defendant." *Stone* v. *State*, 118 *Ga.* 705 (45 S. E. 630, 98 Am. St. R. 145) ; *Forbes* v. *State*, 51 *Ga. App.* 465 (180 S. E. 914), and cit. The State introduced certain evidence which was objected to by the defendant. The court stated: "I will let it in on this basis; that if he establishes the groundwork for it later on I will let it stay in; and if he does not, I will rule it out." It does not appear from

the record that any further objection or request that the alleged testimony be excluded was made by defendant, and under the above principle the assignment of error is without merit.

10. While it is recognized that it is the substantial right of one accused of crime to a thorough and sifting cross-examination of every witness that appears against him, and that this right should not be abridged, yet this right is not violated by the judge in ruling out a question on cross-examination, hypothetical in nature, assuming facts not in evidence, which would amount to aimless, useless, and purposeless examination, and would prove a waste of time of the court.

■ "The materiality of the false testimony may be shown by the record of the proceedings in which the testimony was given, or by the testimony there given, or by all or so much of the pleadings therein as show the issues, together with such other facts proved on the trial as tend to show the testimony to be on a material issue." 48 C. J. 894, § 156. The judge did not err in allowing in evidence, for the purpose of illustrating the issues in the proceeding in which the accused is alleged in the indictment to have committed perjury, the answer of the defendant in that proceeding.

■ Refusal to direct a verdict is never reversible error. *Tatum v. State,* 22 *Ga. App.* 638 (96 S. E. 1046); *Lee* v. *State,* 40 *Ga. App.* 622 (150 S. E. 869); *Walters* v. *State,* 41 *Ga. App.* 570 (153 S. E. 925); *Lomax* v. *State,* 44 *Ga. App.* 500 (162 S. E. 395); *Smith* v. *State,* 45 *Ga. App.* 356 (164 S. E. 451).

■ A transcript of the testimony of certain witnesses in another trial would not be admissible in a prosecution for perjury alleged to have been committed in such trial, to prove the truth of their testimony. As such it would be purely hearsay. The judge did not err in refusing to allow counsel for the defendant to introduce in evidence the transcript of the evidence taken in the trial in which the accused is charged with having committed perjury, to prove certain facts therein testified about.

■ An objection that certain evidence is "irrelevant and immaterial," or is "not proper," presents no question to be passed on by this court.

■ "Where one side elicits a part of a conversation, that the other side are entitled to all that was said at the time in the same conversation is too well settled to be doubted or questioned."

*Betts* v. *State,* 66 *Ga.* 508(5); *Richards* v. *State,* 152 *Ga.* 207 (108 S. E. 800).

■ The assignments of error in the motion for new trial, not covered by the above principles, are without merit. The evidence amply supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., disqualified.*

### ON MOTION FOR REHEARING.

Counsel for the plaintiff in error makes a motion "for a full bench and an opportunity to argue the case before a full bench, in accordance with the rules and law governing this court." When this case was called for argument in this court, counsel's attention was called to the fact that Chief Judge Broyles might possibly be disqualified, and counsel stated in the presence of the court that if this were true he would waive the disqualification. Chief Judge Broyles did not participate in the judgment. Under such circumstances counsel's motion at this time, that the case be heard before a full bench, is denied.