### 27616. JACKSON v. THE STATE.

BROYLES, C. J. 1. It is well settled that where counsel for one party elicits from a witness part of a conversation, the other side is entitled to have the witness state all that was said at the time and in the same conversation. *Peterson* v. *State,* 47 *Ga.* 524 (3); *Cox* v. *State,* 64 *Ga.* 374 (8) (37 Am. R. 76); *Betts* v. *State,* 66 *Ga.* 508 (5); *Clackum* v. *State,* 55 *Ga. App.* 44 (15) (189 S. E. 397). Under the principle of this ruling, the testimony objected to by the accused was properly allowed in evidence.

2. "Where there is nothing in the evidence to indicate that the killing was not intentional, and where no charge is requested on that subject, involuntary manslaughter is. not an issue in the case, and no allusion should be made to it by the judge in charging the jury, even though the prisoner's statement by indirection suggest such a theory." *Carter* v. *State,* 171 *Ga.* 406, 410 (155 S. E. 670), and cit. Applying this ruling to the facts of the instant case, the failure of the court to charge the law of involuntary manslaughter was not error.

3. The remaining special ground of the motion for new trial, not having been argued or insisted upon in the brief of counsel for the plaintiff in error, is treated as abandoned.

4. The evidence, direct and circumstantial, authorized the verdict.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 25, 1939.

*Roberts & Roberts,* for plaintiff in error.
*Henry H. West, solicitor-general,* contra.