*B. T. Castellow*, solicitor-general, *R. R. Arnold*, contra.

---

### 9117.  BARBOUR *v.* THE STATE.

BROYLES, P. J.  1.  Where a single penal statute may be violated in one of several ways not repugnant to one another, the accused may, in an indictment containing a single count, be charged with violating the statute in each and all of the several ways prohibited in the statute; and in such cases proof of the commission of any one of the acts by which the statute is violated will support a conviction. *Hall* v. *State*, 8 *Ga. App.* 747 (70 S. E. 211); *Cooper* v. *State*, 9 *Ga. App.* 877 (72 S. E. 436); *Sanders* v. *State*, 86 *Ga.* 717 (12 S. E. 1058); *Grantham* v. *State*, 89 *Ga.* 121 (14 S. E. 892); *Langston* v. *State*, 109 *Ga.* 153 (35 S. E. 166, 779); *Henderson* v. *State*, 113 *Ga.* 1148 (39 S. E. 446); *Hubbard* v. *State*, 123 *Ga.* 17 (51 S. E. 11); *Haley* v. *State*, 124 *Ga.* 216 (52 S. E. 159); Wharton's Crim. Pl. & Pr. §§ 161, 162.  It follows that where an accusation, based upon the act of the General Assembly of Georgia, approved March 28, 1917, which makes it a misdemeanor for any person "to have, control or possess" in this State spirituous liquors (Acts 1917, Extraordinary Session, pp. 7, 8), charges that the accused did "have, control, *and* possess" spirituous liquors, it is not necessary for the State to prove that the accused had, controlled, *and* possessed the liquors; but proof that he had the liquors, or proof that he controlled them, or proof that he possessed them, would be sufficient to support a conviction; and the court did not err in so instructing the jury.

2. While some of the other excerpts from the charge of the court, excepted to, are subject to some slight criticism, none of them, when considered in the light of the entire charge and of the particular facts of the case, requires a reversal of the case.  The charge as a whole was a full, fair, and correct presentation of the contentions of the parties and of the law of the case.

3. The evidence, though circumstantial in its nature, was sufficient to exclude every *reasonable* hypothesis save that of the guilt of the accused, and the court did not err in overruling the motion for a new trial.  *Judgment affirmed.  Bloodworth and Harwell, JJ., concur.*

                        DECIDED NOVEMBER 2, 1917.

Accusation of possessing intoxicating liquor; from city court of Savannah—Judge Rourke.  August 6, 1917.

*A. A. Lawrence, C. E. Donnelly*, for plaintiff in error.

*Walter C. Hartridge*, solicitor-general, contra.