### 12978. FREEMAN *et al. v.* THE STATE.

BROYLES, C. J. .1. Upon the trial a witness for the State, while being questioned by the solicitor-general, made a statement which reflected upon the character of one of the defendants, and which was not responsive to the question propounded. No objection was made to the admission of this statement, nor was any motion subsequently made to rule it out, but counsel for the accused moved for a mistrial of the case because of such statement. The court declined to grant a mistrial, saying, "if you could get a mistrial every time a witness says something he oughtn't to say, you would never get a trial." The judge did, however, on his own motion, rule out the statement of the witness, and specifically instructed the jury not to consider it in any way in passing upon the case. In view of the above-recited facts, this court cannot hold as a matter of law that the trial judge abused his discretion in denying the motion for a mistrial. None of the cases cited by counsel for the movants is similar to this case.

2. In view of the particular facts of the case and the charge of the court as a whole, the excerpts complained of are not error for any reason assigned.

3. None of the other special grounds of the motion for a new trial shows reversible error.

4. The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error.

<em>Judgment affirmed. Luke and Bloodworth, JJ., concur.</em><br>DECIDED DECEMBER 13, 1921.

Indictment for possessing liquor; from Fulton superior court — Judge Humphries. September 26, 1921.

Application for certiorari was made to the Supreme Court.

*W. Carroll Latimer, Samuel D. Hewlett, W. Schley Howard, Harvey Hill,* for plaintiffs in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens,* contra.