## 14406. CHRISTIAN, *alias* ROBERTS, *v.* THE STATE.

BROYLES, C. J. 1. The second count of the indictment was not subject to the demurrer interposed.

2. There was evidence that the defendant (who claimed that his name was Christian) had been introduced to the prosecuting witness as one Farrell. When the witness was testifying he was asked by the solicitor-general, " Any question in your mind who the man Farrell is? Do you see him?" The witness replied: "That is the man (referring to the defendant). I identified him at once when I saw his picture in the rogues' gallery in New York." Counsel for the defendant immediately moved for a mistrial on the sole ground "that the testimony was prejudicial to the defendant." The court overruled the motion and at the same time said to the jury: "You will disregard that statement absolutely and utterly; that evidence is excluded and you must regard it as if the words had never been uttered." Subsequently in his charge the judge instructed the jury as follows: "During the progress of this case a question was asked the prosecuting witness. The question was this,— by the solicitor-general to the witness,— 'Any question in your mind who the man Farrell is? Do you see him?' To that the witness answered, 'That is the man. I identified him at once when I saw his picture in the rogues' gallery in New York.' I instructed you at that time, in as strong language as I could use, that you would not regard that answer; that you were to utterly exclude it from your mind and from your consideration. I instructed you to uproot it from your mind, and I now direct you, in the strongest terms I can use, that the answer must not be taken by you so as to unfavorably affect the accused." The ground upon which the motion for a mistrial was based, to wit, "that the testimony was prejudicial to the defendant," was insufficient. The

mere fact that testimony introduced is prejudicial to the accused does not show that it is improper or inadmissible. Moreover, since the judge promptly and emphatically instructed the jury not to consider the testimony, this court cannot hold as a matter of law that the denial of the motion for a mistrial was an abuse of his discretion. See, in this connection, *Freeman* v. *State*, 27 *Ga. App.* 780 (1) (109 S. E. 918).

3. None of the excerpts from the charge of the court complained of in the motion for a new trial, when considered in the light of the charge as a whole and the facts of the case, requires a reversal of the judgment below.

4. The admission in evidence of certain telegrams, complained of in the motion for a new trial, was not error for any reason assigned.

5. "If a person, fraudulently intending to get possession of the money of another and appropriate the same to his own use, by false representations induces the owner to deliver the money to him for the purpose of being applied for the owner's use or benefit, and then appropriates it in pursuance of the original intent, he is guilty of both larceny after trust delegated and simple larceny, and may be prosecuted for and convicted of either offense." *Martin* v. *State*, 123 *Ga.* 478 (51 S. E. 334). Under this ruling and the facts of the instant case the verdict of larceny after trust was authorized.

(*a*) The bailment charged in the indictment and the bailment established by the evidence were substantially identical. "In determining the rights of parties courts disregard the form and look to the substance." *Tooke* v. *State*, 4 *Ga. App.* 495 (3) (61 S. E. 917).

6. The verdict was amply authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 17, 1923. REHEARING DENIED JUNE 12, 1923.

Indictment for larceny after trust; from Chatham superior court — Judge Meldrim. February 12, 1923.

Application for certiorari was denied by the Supreme Court.

*Lawrence & Abrahams, H. Mercer Jordan,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.