### 23333. DOUGLAS *v.* CENTRAL OF GEORGIA RY. CO.

DECIDED FEBRUARY 6, 1934.

*Julius Rink, W. M. Henry,* for plaintiff.
*Maddox, Matthews & Owens, Rosser & Shaw,* for defendant.

MacINTYRE, J. Mrs. Myrtle Douglas brought an action against the Central of Georgia Railway Company to recover damages for the alleged negligent homicide of her husband, L. E. Douglas, in a collision between the defendant's south-bound freight-train and the north-bound automobile in which he was riding as a guest, at the Bolton crossing of the Dixie Highway leading from LaFayette, Georgia, to Chattanooga, Tennessee. The trial judge directed a verdict for the defendant, and overruled the plaintiff's motion for a new trial. In *Douglas* v. *Central of Georgia Railway Co.,* 45 *Ga. App.* 687 (166 S. E. 31), this court held that the trial judge erred in sustaining a general demurrer to the petition as amended.

Since this case will be for trial again, we shall not set out here the evidence in detail. Suffice it to say that the evidence adduced in behalf of the plaintiff tends to support her theory that, because of certain defects in the defendant's railroad-track, the caboose of the train was derailed and struck the automobile at a time when it was parallel to, and far enough from, the railroad-track for the

caboose to have cleared the automobile if the caboose had not left the track; while the evidence introduced by the defendant tends to show that the railroad-track was in good condition, and that the caboose was derailed by reason of the fact that the driver of the automobile negligently ran his car squarely into the passing train, striking it "between the rear car and the caboose."

There were conflicts in the evidence as to the speed of the train, the condition of the track, the distance of the caboose from the rails after it left them, and in other particulars. Neither do we think that there was any fatal variance between the allegations of the petition and plaintiff's proof. There is an allegation in the petition as amended that the caboose was derailed "just before passing over the crossing." There was testimony to the effect that the wheels of the caboose first marked the cross-ties "just about the edge of the dirt road." There is no fatal variance here. See *So. Ry. Co.* v. *Tankersley,* 3 *Ga. App.* 548 (3), 551 (60 S. E. 297). A very careful reading of the brief of evidence in this case signally fails to satisfy us that there was no conflict in the evidence, and that the evidence, with all reasonable deductions or inferences therefrom, demanded a verdict for the defendant. See Civil Code (1910), § 5926. We hold that the trial judge committed reversible error in directing the verdict.

Grounds 5, 6, and 8 of the motion for a new trial relate to the direction of the verdict, and are controlled by our ruling that the verdict was erroneously directed. Special ground 7 raises a question as to the rejection of certain evidence. It being improbable that the same question will be raised again in the same way, the ground will not be passed on. Special ground 9, averring that the court erred in allowing the defendant's answer to be amended at the trial term, can not be considered, for the reason that the question is sought to be raised in the motion for a new trial without any exception pendente lite being filed, and "the rejection of a proposed amendment to an answer of a defendant does not furnish a proper ground of a motion for a new trial." *Turner* v. *Barber,* 131 *Ga.* 444 (6), 449 (62 S. E. 587). The decision cited presents a situation substantially the same as that in the instant case. It states the rule clearly, and cites authorities at length.

The last special ground, numbered 10, avers that the court erred in admitting in evidence "an indictment found by the grand jury

in Walker superior court . . of the August term, 1930, in which Cicero Adams was charged with the offense of driving an automobile over the LaFayette and Chattanooga Highway, while under the influence of intoxicating liquor or drugs, on July 4th, 1930, with a verdict of guilty thereon, and the judgment of the court upon said indictment, dated September 2d, 1930." There was an issue in this case as to whether or not Adams was under the influence of liquor at the time of the collision, and we think the evidence was admissible, under the ruling in *Hardeman* v. *Ga. Power Co.*, 42 *Ga. App.* 435 (156 S. E. 642).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*