23613. BRIDGES *v.* MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION.

STEPHENS, J. 1. A judgment of a judge of the municipal court of Atlanta rendered in a case tried before him without a jury on issues of law and fact, and which is tantamount to a verdict of a jury, may be rendered orally by public announcement of the judge in open court, as provided in section 42 of an act approved the 20th day of August, 1913

(Ga. L. 1913, p. 145). After the judge has orally announced a judgment for the defendant, but before the judgment has been reduced to writing, it is too late for the plaintiff to orally dismiss the case. *Brunswick Grocery Co.* v. *Brunswick & Western Railroad Co.*, 106 *Ga.* 270 (32 S. E. 92); *Atlanta Art Glass Co.* v. *Southern Saw and Machinery Works*, 17 *Ga. App.* 470 (87 S. E. 693). Decisions holding that the plaintiff is entitled to dismiss the case after oral announcement of a judgment by the presiding judge, are in cases in which the oral announcement of the judge does not constitute the judgment of the court. It was not error to overrule the plaintiff's motion to dismiss the case after the trial judge had orally announced judgment for the defendant.

2. "A witness who himself enters in a book a memorandum of a particular occurrence may afterwards testify to the correctness of the entry and to the fact that the occurrence actually took place, although he can not, independently of the memorandum, remember this fact." *Akins* v. *Georgia Railroad & Banking Co.*, 111 *Ga.* 815 (3) (35 S. E. 671); *Veal* v. *Wood*, 29 *Ga. App.* 94 (113 S. E. 818); Civil Code (1910), § 5873. Where a witness who was in the employ of an insurance company, and whose duty it was to keep a daily record of certain occurrences with reference to the handling of policies in the office of the company, testified, by reference to a record which the witness kept, that certain transactions with reference to the policy were performed by the witness on a particular date, such as that the witness did, on a named date, affix a signature to the policy, and that the application for insurance was received, and the policy which was issued was mailed out of the office, on named dates, the testimony was properly admitted, over objection that the witness testified entirely by reference to records, without the records being in evidence, and that the testimony was not in accordance with the witness' own recollection. See *Williams* v. *Kelsey*, 6 *Ga.* 365 (2); *Black* v. *Thornton*, 30 *Ga.* 361; *Schmidt* v. *Wambacker*, 62 *Ga.* 321 (2); *Jarrell* v. *S. A. L. Ry.*, 23 *Ga. App.* 717 (2) (99 S. E. 386); Civil Code (1910), § 5873.

3. Upon the trial of a suit by the insured against the insurer to recover on a health and accident policy for an alleged permanent disability consisting in the paralysis of the plaintiff, where the only defense of the defendant insurance company was that the policy, as respects disability, provided for insurance against a "disability resulting from disease the cause of which originates more than thirty days after the effective date of this policy," which was, as provided in the policy, the date of the delivery and acceptance of the policy by the insured, and where there was adduced evidence consisting of the testimony of employees of the defendant insurance company of the character indicated in paragraph 2 above, which tended to show that the policy was issued and signed at the home office of the company on August 23, 1932, and was mailed to the plaintiff from the local office of the company in Atlanta, Georgia, on August 29th of that year, and that the effective date of the policy by delivery to and acceptance by the insured, was necessarily at a date not earlier than August 29, 1932, and where there was also adduced evidence that the disability of the plaintiff originated on the 21st day of September 1932, the inference was authorized that the plaintiff's dis-

ability did not originate more than thirty days after the effective date of the policy.

4. The verdict found for the defendant was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., concurs. Sutton, J., concurring specially.*

DECIDED SEPTEMBER 20, 1934.

*E. S. Griffith, Carpenter & Ellis,* for plaintiff.

*Little, Powell, Reid & Goldstein, James K. Rankin,* for defendant.