31949.   GARVIN *v*. THE STATE.

DECIDED MARCH 19, 1948.

*James R. Venable, Frank A. Bowers, Jackson L. Barwick,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall,* contra.

TOWNSEND, J. (After stating the foregoing facts.) █ Special ground 4 of the amended motion for new trial contends that the court erred in failing and refusing to declare a mistrial, when the victim while on the witness stand testified as follows: "Q. Had you ever heard this defendant make any threats against your sister? A. Why, he has been arrested on numerous occasions for disorderly conduct. Mr. Venable: We want to object to that, if the court please. We want now to ask this court for a mistrial on the statement that was voluntarily made by this witness, which is prejudicial." "The Court: Well, I overrule the motion. Don't tell anything that you don't know, Mr. Witness, of your own knowledge." In *Christian* v. *State,* 30 *Ga. App.* 292 (118 S. E. 407), a motion for mistrial was made on the sole ground that the testimony was *prejudicial* to the defendant. It was there held that "The mere fact that testimony introduced is prejudicial to the accused does not show that it is *improper* or *inadmissible.*" (italics ours.) The evidence complained of there was a voluntary statement by the witness, not particularly responsive to any question, and was highly prejudicial. When asked if he knew the defendant or saw him, the witness replied, "That is the man. I identified him at once when I saw his picture in the rogues' gallery in New York." It is true that in the *Christian* case the trial judge in strong language admonished

the jury, both at the time he overruled the motion for mistrial and subsequently in his charge, to disregard utterly the statement. In order to guard the defendant's right to a fair trial, as is the paramount duty of the trial-judge in criminal cases, we think that the jury should have been so instructed in the instant case. However, his failure to do so was not reversible error, because the objection to the evidence and the sole ground of the motion for mistrial were insufficient. Although there may be a ground of objection to evidence which if made would be good, yet if the objection which was made is not good, it is not error to overrule the same. See *Cox* v. *Cody*, 75 *Ga.* 175 (1a) ; *Giles* v. *Vandiver*, 91 *Ga.* 193 (6) (17 S. E. 115).

■ Special ground 5 contends that the court erred in allowing over objection the introduction of the petition of the defendant's wife in her divorce action against him. The amended motion describes the evidence as having been marked as "State's Exhibit 1, which is the original record in this divorce lawsuit together with the decree and judgment." The evidence is not set out literally or in substance in this ground of the amended motion, nor is the same attached as an exhibit. Counsel for the defendant in error make the point in their brief that this special ground of the amended motion for new trial is insufficient for the foregoing reasons. The point is well taken, and counsel are entitled to have this rule of law invoked as to this ground of the amended motion for new trial. See *Sims* v. *Sims,* 131 *Ga.* 262 (2) (62 S. E. 192) ; and see also many cases annotated under catchwords, "Assignment of error," in the Code (Ann.), § 70-203.

■ Special ground 6 contends that the court erred in its charge to the jury, as follows: "Notwithstanding the returning of this true bill of indictment into the court by the grand jury of this county, the defendant entered upon the trial of this case with the presumption of innocence in his favor." It is contended that this excerpt from the charge amounted to an expression and intimation of an opinion by the court to the jury that the defendant was being arbitrary and contemptuous in an effort to defeat the truth of the charge by pleading not guilty in the face of the true bill of indictment. Construing the charge as a whole, the court fully and correctly instructed the jury on the presumption of innocence, the burden of proof, and reasonable doubt. While trial

courts should ever be careful not to intimate an opinion as to the guilt or innocence of the accused in criminal cases, we can not see how the language here used could have conveyed to the jury the meaning as contended by the defendant. The choice of the phraseology here, although not in conformity with our idea of the best language that could be employed in a model charge on this subject, is yet, when construed in connection with the entire charge, not susceptible of the meaning sought to be attributed to it by the defendant. In determining whether or not an excerpt from the charge of the court is erroneous, the same must be construed with the charge in its entirety as conveying to the jury that meaning which the jury must necessarily have understood it to convey. If the excerpt is reasonably susceptible of two constructions, the sense in which it must have been understood by the jury may be determined from other provisions of the charge. See *Georgia Ry. & Power Co.* v. *Shaw,* 40 *Ga. App.* 341 (1) (149 S. E. 657).

The verdict being amply authorized by the evidence, and the contrary not having been insisted upon by counsel for the defendant in his brief, the general grounds of the motion for new trial are treated as abandoned.

The judgment of the trial court overruling the defendant's motion for new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*