### 35675. Johnson *et al. v.* Spielberg.

Nichols, J. Jack A. Spielberg, doing business as Playmont Roofing Company, brought an action against Willie and Annie Johnson, in the Civil Court of Fulton County, to recover $155.72 as the contract price for materials furnished and labor done in a home occupied by the defendants. The defendants filed a plea and answer, which as amended pleaded a total failure of consideration for reasons stated, and also sought by cross-action to recover $1,576.72 as part of an amount alleged to have been paid the plaintiff on a prior contract to do described repair work for them, which contract is alleged to have been not fully performed, this amount being subject to a reasonable reduction for a small plumbing job done by the plaintiff. The jury returned a verdict for the plaintiff for the full amount sued for. The defendants filed a motion for new trial on the usual general grounds, and by amendment added several special grounds, but in their brief only one ground is argued or insisted upon. In this special ground it is complained that the court erred in charging the jury as follows: "If you should find in favor of the plaintiff on the original suit, and if you should find in favor of the plaintiff on the cross-action, that is, against the defendants as to the large contract, the form of your verdict would be 'We, the jury, find for the plaintiff blank dollars, filling in the blank with the amount which actually would be the amount sued for —$155.72.'" It is insisted that the excerpt was error because it amounted to an expression of opinion as to what had or had not been proved, that it was equivalent to the direction of a verdict for the plaintiff, and that it was confusing and misleading to the jury. *Held:*

The excerpt was not error for any reason assigned. The record shows that the court's charge was full and complete as to the issues and contentions of the respective parties, and the excerpt complained of was only a fragment of the entire instructions as to the verdict to be rendered for

the plaintiff or the defendants according to the jury's determination of the evidence, and the court more than once stated that it was not expressing any opinion as to the facts. "It is well established in this State that the charge to the jury must be taken as a whole and each part thereof considered in connection with every other part of such charge." *Aycock* v. *State*, 188 *Ga.* 550, 560 (4 S. E. 2d 221). "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united." *Brown* v. *Matthews*, 79 *Ga.* 1 (1) (4 S. E. 13). See also *McDonald* v. *Wimpy*, 204 *Ga.* 617, 626 (50 S. E. 2d 347). The court did not err in denying the defendants' motion for new trial as amended.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED JUNE 2, 1955—REHEARING DENIED JUNE 28, 1955.

*William A. Thomas*, for plaintiffs in error.
*Arnold Shulman, Frank E. Blankenship*, contra.