37949. BEDGOOD *v.* THE STATE.

Decided November 2, 1959—Rehearing denied
November 19, 1959.

738

*John J. Sullivan, Frank W. Seiler,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.

GARDNER, Presiding Judge. ■ The general grounds are not meritorious, inasmuch as there is ample evidence to support the verdict of the jury.

■ Special ground 1 assigns error because it is alleged that the court erred in failing to grant a mistrial on motion of counsel for the defendant after objecting to the following testimony of Richard Minich, a witness for the State: "He [the defendant] introduced you to Lamar?" The witness replied: "That's exactly right. Mr. Bedgood introduced me to Mr. Lamar; he and Mr. Lamar were in the Reidsville Penitentiary together." The testimony to which objection is made in this special ground was elicited on cross-examination by counsel for the defendant. See *Freeman* v. *State,* 27 *Ga. App.* 780 (1) (109 S. E. 918) where a somewhat similar situation was held not to be reversible error. See also *Christian* v. *State,* 30 *Ga. App.* 292 (2) (118 S. E. 407). The cases cited by counsel for the defendant on this point are not a basis for reversal for this case. Special ground 1 is not meritorious.

■ Special ground 2 assigns error because it is alleged that material evidence was illegally admitted by the court to the jury over objection of counsel for the defendant. The solicitor-general asked the following question: "What type of check were these?" Whereupon the witness at the bar went into the matter of going with the defendant to Tennessee where other bad checks were passed. The witness was asked: "Who wrote those checks?" He replied: "Mr. Bedgood signed them." In support of the contention that this evidence should not be admitted, counsel for the defendant cites *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615). That case, of course, is good law but there was no logical connection between the two crimes committed by defendant Bacon. In the instant case the evidence shows a continuous series of illegally forged and uttered checks.

This makes the evidence in regard to the Tennessee checks a part of the sequence involving forged checks in the case at bar. Code § 38-212 provides that in order to admit secondary evidence it must be shown that primary evidence is not accessible. In the case at bar the record shows that the checks were in the hands of the F. B. I. and were not accessible to or available to the authorities in Georgia. In *Wilson-Weesner-Wilkinson Co.* v. *Collier*, 62 *Ga. App.* 457 (4) (8 S. E. 2d 171) this court said: "The admission of secondary evidence of the contents of and signature to a document, and the sufficiency of the showing to account for non-production of the original, are within the discretion of the trial court, and cannot constitute error unless the discretion is abused." See also *Goettee* v. *Carlyle*, 68 *Ga. App.* 288 (4) (22 S. E. 2d 854) and *Goldstein* v. *State*, 94 *Ga. App.* 437 (95 S. E. 2d 47). Special ground 2 is not meritorious.

■ Special ground 3 assigns error because it is alleged that the court erred in refusing to permit counsel for the defendant to make proper objections to allegedly illegally admitted evidence. The court said: "I am overruling your objections on the ground and don't keep making the same objection on the same point." It is contended that this ruling was prejudicial to the defendant and was an expression of opinion on the part of the court derogatory to the defendant. It is true that a judge, during the trial of a case, must not express or intimate his opinion as to what has been proved. See Code § 81-1104. However, the ruling of which complaint is here made was not harmful and prejudicial to the defendant's cause, under the whole record of this case. This special ground is not meritorious.

■ Special ground 4 assigns error because it is contended that the court erred in allowing certain testimony to be admitted, over objections of counsel for the defendant. The solicitor-general propounded the following question: "What kind of checks were these?" Witness replied: "They were checks on a construction company in Tennessee." As we have stated in the division discussing special ground 2 these checks could not be introduced as evidence. They were checks concerning a transaction in Tennessee and the checks were in the hands of the F. B. I. This special ground is not meritorious.

■ Special grounds 5 and 6 concern evidence which was allegedly illegally admitted. This evidence was substantially the same as that which we have discussed hereinabove in the division covering special ground 2. These special grounds are not meritorious.

■ Special grounds 7 and 8 assign error because it is alleged that the court erred in failing to grant a motion for a directed verdict made by counsel for the defendant on the ground that the indictment was fatally defective in that it failed to set forth that the instruments were passed with the intent to defraud and that they were passed with the intent to injure and, further, failing to allege that anything of value was received.

Special ground 8 contends that the court erred in failing to grant a motion for a directed verdict by counsel for the defendant because the probata failed to sustain the allegata. We know of no law that would require the trial judge to refuse to direct a verdict in a criminal case. These two special grounds are not meritorious.

Counsel for the defendant moved for a judgment notwithstanding the verdict. There was no error in denying the motion for a judgment notwithstanding the verdict.

■ Counsel for the defendant made a motion in arrest of judgment and contends that the court erred in denying this motion. Counsel cites *Sims* v. *State,* 37 *Ga. App.* 819 (142 S. E. 464) and *Curtis* v. *State,* 80 *Ga. App.* 244 (55 S. E. 2d 758) in support of this contention. Those cases are not applicable, because the defendants in those cases were not indicted under Code § 26-3910, the section under which the defendant in the instant case was indicted.

The court did not err in refusing to grant the motion in arrest of judgment.

It does not appear that the court erred in any of the rulings, and the evidence is amply sufficient to sustain the verdict.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*