42499. CITY OF JEFFERSON v. MADDOX.

ARGUED JANUARY 9, 1967—DECIDED MAY 30, 1967—
REHEARING DENIED JUNE 21, 1967.

*Davis & Davidson, Jack S. Davidson,* for appellant.

*Hudson & Stula, Jim Hudson,* for appellee.

QUILLIAN, Judge. ■ The following charge is enumerated as error: "Second, the fair market value is to be paid by the condemnor to the condemnee, the owner, for consequential damages, if any, if you find there be such damages to the residue or the remainder of the land of the condemnee not taken by the condemnor for the purpose stated, from which the land actually taken by the condemnor was a part before it was taken as alleged in the petition." The charge in effect directed the jury to award fair market value for consequential damages.

It should be pointed out that later on in the charge the jury was instructed as to the means of ascertaining consequential damages that is, the difference between market value before and after taking. However, at no time did the trial judge call attention to the previous charge or correct it. The rule is: "An erroneous and injurious instruction is not cured by a correct statement of the law in another part of the charge to the jury, wherein the incorrect charge is not expressly withdrawn from their consideration and their attention directed thereto." *Citizens & Southern Nat. Bank v. Kontz,* 185 Ga. 131 (2) (194 SE 536). In our view the charge is subject to the criticism proffered. Clearly the condemnor is not required to pay the fair market value for consequential damages. Fair market value indicates the value of the land. The correct rule is "the measure of consequential damages, if any, for the part of the lot not taken, where there are either benefits or damages involved, or both, is the difference between the greatest 'market value' of the land not taken before the strip is taken off and the improvements (benefits) made, less the 'market value' of the remainder of the land

after the strip of land is taken off and improvements made."
*State Hwy. Bd. v. Bridges*, 60 Ga. App. 240, 241 (2) (3 SE2d
907); *State Hwy. Bd. v. Coleman*, 78 Ga. App. 54, 57 (3) (50
SE2d 262); *Georgia Power Co. v. Pittman*, 92 Ga. App. 673 (89
SE2d 577); *State Hwy. Dept. v. Thompson*, 112 Ga. App. 488
(145 SE2d 784); *Elliott v. Fulton County*, 220 Ga. 377 (139
SE2d 312). By referring to "fair market value . . . for
consequential damages" the charge was confusing, misleading
and subject to the interpretation of allowing excessive recovery
for consequential damages. Hence, it was reversible error.

■ The condemnor complains of the following charge: "I
charge you that in estimating the value of land taken for the
easement right of way across the land, when taken for public
uses, you are not restricted to its agricultural or productive qual-
ities but inquiry may be made as to all other legitimate purposes
to which the property could be appropriated or used if you so
find from the evidence." See *Code* § 36-505. It is urged that
there is no evidence that the land was suitable for any other
purpose. Hence, the charge was not adjusted to the evidence
and was error.

A perusal of the record discloses some evidence that tended to
prove the condemned property could be used for purposes other
than agricultural purposes, but this evidence is confused and so
indefinite that its quality as reasonably certain proof is doubt-
ful. Since this case must be reversed on another ground and it
is not probable that the trial judge will give the same or similar
instructions on another trial unless the evidence is more definite
and certain, it is not necessary to pass upon this enumeration
of error.

■ The trial judge instructed the jury: "There are two kinds
of damages that are involved in this controversy. One is the
direct, actual damages; that is, the damage which will result in
the taking of the interest in the land for the purpose alleged in
the petition. As stated, it was 17.75 acres for the oxidation
pond; .52 acres for the lift station and 3.75 acres for the ease-
ment, or whatever it may be, as shown by the evidence." Con-
demnor contends this charge was error since it would allow
recovery both for damages to the property taken and for fair
market value of the property.

An almost identical charge was subjected to the same criticism in *State Hwy. Dept. v. Robinson,* 107 Ga. App. 854 (1) (131 SE2d 786). There the court held: "The trial court properly charged the jury as to the two elements of damages involved in this case, that is, actual damages for the property taken and consequential damages to the remainder of the condemnee's property (*McArthur v. State Hwy. Dept.,* 85 Ga. App. 500 (69 SE2d 781)); and the excerpt from the charge complained of in special ground 1 was not calculated to mislead the jury into awarding consequential damages in connection with the value of the property taken as well as consequential damages for the property not taken, thereby permitting the jury to twice compensate the condemnee for consequential damages, as contended in said ground." See *State Hwy. Dept. v. Cochran,* 108 Ga. App. 61 (131 SE2d 802).

There is no merit in this contention.

■ Error is assigned on the admission of testimony by an individual concerning a transaction between himself and the Atlanta Gas Light Company for an easement for a pipeline. Condemnor argues that the testimony was an attempt to place a value on the easement purchased by the Gas Company without laying any foundation since no facts were testified to comparing the Gas Company easement with the easement in the present case.

The point was raised during the following direct examination of a witness for the condemnee: "Q. Do you know the price of easements around here; what people pay for easements? A. Well, I had the Atlanta Gas Light Company through my place." Objection was then duly interposed by condemnor's counsel: "It is not a question of what the Atlanta Gas Light Company paid for an easement on some other farm; it's a question of what the easement is worth on this land." After hearing argument of counsel the court ruled: "I will allow it in the same location and vicinity as to what the easements cost." The witness then gave the following testimony. "Q. Do you know of a recent easement that has been sold in the same locality? A. That is mine, as I said. I got approximately $350 or $400 for an easement forty feet wide. Q. Who paid that? A. The

Atlanta Gas Light Company. Q. And that was about an acre? A. I think it would run a little over an acre. Q. Now, what kind of land was this they ran through? A. Some old sawmill woods; more or less; no pasture, no improvements on the property. Q. Now, that land wasn't condemned or anything; you just agreed on the price? A. They agreed to give me a free tap if I agreed to give them the land." No further objection was made.

Counsel's objection did not raise the point he seeks to urge before this court and thus is without merit. *Garvin v. State,* 76 Ga. App. 684 (1) (47 SE2d 192); *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438, 441 (4) (111 SE2d 734); *Cox v. Cody & Co.,* 75 Ga. 175 (1a); *Giles v. Vandiver,* 91 Ga. 192 (6) (17 SE 115). Furthermore, the trial judge's ruling was conditional, in effect, since he allowed the testimony concerning value of the easement "in the same location and vicinity." Since no further objection was interposed, the rule is applicable: "Where objectionable testimony is conditionally admitted in evidence, and counsel fails to renew his objection to such testimony, the admission of the illegal evidence will furnish no ground for a new trial, as the objection is treated as waived." *Holloway v. State,* 90 Ga. App. 86, 88 (6) (82 SE2d 235); *Couch v. State,* 73 Ga. App. 153, 156 (3) (35 SE2d 708); *Black v. State,* 187 Ga. 136 (2) (199 SE 810); *Mullis v. State,* 197 Ga. 550 (2) (30 SE2d 99).

■ Condemnor assigns as error the admission of testimony, over objection, concerning an air easement on the grounds that value can not be shown unless there were facts comparing the two easements. The trial judge overruled the condemnor's objection; however, the witness never testified as to value. Hence any error committed was harmless.

■ The condemnor contends the verdict was unauthorized by the evidence because none of the witnesses for the appellee testified to the true measure of damages in a condemnation case.

In passing upon the general grounds of a motion for new trial we consider all the evidence and if the finding is supported by any evidence this court will not disturb it. *State Hwy. Dept. v. Reid,* 52 Ga. App. 206 (182 SE 801). There was

evidence of value ranging from $75 to $1,000 per acre. This ground is not meritorious. "A value finding in a condemnation case will not be set aside as inadequate or excessive where it is within the range of the evidence." *Freedman v. Housing Authority*, 108 Ga. App. 418 (6) (136 SE2d 544); *Langston v. Langston*, 42 Ga. App. 143 (2) (155 SE 494); *Smith v. Turnipseed*, 44 Ga. App. 220 (4) (160 SE 877); *Georgia Power Co. v. Hudson*, 46 Ga. App. 206 (4) (167 SE 206).

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*