## 47084. NEWBERRY v. THE STATE.

EBERHARDT, Presiding Judge. The defendant was convicted on charges of possession and sale of illegal liquors. When a State's witness was testifying he denied having had any transaction with the defendant, whereas he had told the investigating agent that he had purchased certain whiskey from her on credit (the whiskey having been placed in evidence), and the district attorney interposed a plea of entrapment and asked leave to cross examine the witness. Defendant's counsel objected: "We do not feel that sufficient foundation and ground has been laid to support the district attorney's plea of surprise and entrapment to the extent that he would be able to cross examine the witness and/or have the officer testify as to what the witness told him . . . We say the plea of entrapment has not been sustained, and he certainly should not be allowed to cross examine this witness."

Error is enumerated on the overruling of the objection, and

upon the court's refusal to give a requested charge on circumstantial evidence, and upon the overruling of defendant's motion for new trial. *Held:*

1. The general grounds of the motion for new trial are without merit.

2. The objection to the district attorney's plea of entrapment was too indefinite to raise any question for determination. Counsel did not indicate what foundation should have been laid for supporting the plea. *Freeman v. Young,* 147 Ga. 699 (3a) (95 SE 236); *Barkley v. State,* 190 Ga. 641 (3) (10 SE2d 32).

Other or further grounds urged for the first time in the motion for new trial or in the brief on appeal, but which were not urged before the trial court at the time the ruling was made cannot be considered. *House v. State,* 227 Ga. 257 (181 SE2d 31); *Morris v. State,* 200 Ga. 471, 478 (37 SE2d 345); *Lundy v. State,* 119 Ga. App. 585 (1) (168 SE2d 199); *Jenkins v. Board of Zoning Appeals of the City of Columbus,* 122 Ga. App. 412 (2) (177 SE2d 204).

3. While the witness was testifying and after the district attorney had been granted leave to cross examine him, he was asked whether he had told Agent Evans that he had bought the whiskey for $7.00, on credit, and answered "I guess you could call it that." There was objection that the answer was not responsive to the question, which we find to be without merit.

He was also asked "Where do you come up with the figure of $7.00 on credit if the woman didn't [sell] you anything?" and replied, "Well, that's what it sells for, I reckon." Objection on the ground that this was repetitious was without merit.

4. A motion for mistrial based upon the questions asked and the answers elicited in Division 3 on the ground that these were improper and were made in an angry and offensive tone, was properly overruled. *Corvair Furn. Mfg. Co. v. Bull,* 125 Ga. App. 141, 146 (186 SE2d 559).

5. There was direct as well as circumstantial evidence to support the State's case, and refusal of the request to

charge that "in all cases based on circumstantial evidence before a verdict of guilty would be authorized, the evidence must exclude every reasonable hypothesis save that of the guilt of the accused," was not error. "A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon." *Williams v. State*, 196 Ga. 503 (1) (26 SE2d 926).

6. Failure to give a requested charge that if the evidence presented two theories, one of guilt and another of innocence, the humanity of the law demanded that the latter should be accepted, was not error. The request was abstractly correct, but the jury was fully charged on the burden of the State to show beyond a reasonable doubt the guilt of the accused, and that if the jury should entertain any reasonable doubt of the defendant's guilt, they should acquit. Thus, the general charge adequately covered the principle of the request.

*Judgment affirmed. Deen and Clark, JJ., concur.*
Submitted April 6, 1972—Decided April 13, 1972.

*Harl C. Duffey, Jr., Robert J. Evans,* for appellant.
*F. Larry Salmon, Solicitor,* for appellee.