## 47072. SMITH v. RICH'S, INC.
## 47073. RICH'S, INC. v. SMITH et al.

CLARK, Judge. The appeals in this case are from an action upon open account for merchandise amounting to $1,080.99. The complaint of Rich's, Inc., alleged defendants Mr. E. Raiford Smith and Mrs. E. Raiford Smith (now Joyce Payne), formerly husband and wife, were jointly and severally liable to it for the indebtedness. At the trial both defendants admitted the debt was unpaid thereby establishing that Rich's, Inc., was entitled to recover of one defendant or the other.

Mr. Smith admitted his liability to be $50.25 but contended that the balance of the account was the liability of his ex-wife. This contention was two-fold: (1) the merchandise purchased by her was not within the category of "necessaries" for which a husband is legally liable; and (2) his notice to plaintiff in writing before the indebtedness in question was incurred to make no charges against his account to anyone other than himself and that he would not be responsible for the indebtedness of anyone else including his wife.

Mrs. Smith admitted the purchase and receipt by her of the items constituting the balance of the indebtedness but denied her liability therefor contending instead that such indebtedness was incurred for necessaries for which her husband was liable.

A trial was had with all three parties submitting evidence in support of their contentions. The jury was directed to enter a verdict against Mr. Smith as to his admitted liability for $50.25 of the indebtedness. As to the remainder and the liability therefor as between the two defendants, the jury was instructed on the law applicable to the duty of a husband with regard to the support and maintenance of his wife; the rebuttable presumption of the wife's agency for the husband in the purchase of necessaries; and the factors to be given consideration in determining whether the items purchased were necessaries.

The jury returned a verdict for the plaintiff against Mrs. Smith.

In Case No. 47072, Mrs. Smith appeals from the judgment on the verdict accompanied by several enumerations of error. In Case No. 47073, Rich's, Inc., appeals from the judgment on the verdict, insofar as it relieved Mr. Smith from liability, to prevent such judgment from becoming final by operation of law (see *Bryan v. J. P. Allen & Co.,* 121 Ga. App. 670 (4) (175 SE2d 89)) in the event its judgment against Mrs. Smith should be reversed. *Held:*

1. Mrs. Smith enumerates as error the admission in evidence of documents offered by plaintiff as purported business records when the foundation required by law had not been laid. Notwithstanding no objection was made on this ground (for the effect of which see *Donaldson v. Chance,* 144 Ga. 469 (1) (87 SE 395)), the appellant admitted the fact sought to be proved by the documents, i.e., the items and purchase prices which constituted the account sued on. "Error, to be reversible, must be harmful to the complaining party." *Payne v. Norris,* 88 Ga. App. 850 (2) (78 SE2d 351). Error, if any, would therefore not result in a reversal.

2. The only undisputed evidence was that the goods were sold and received but had not been paid for. All else was in conflict. Mrs. Smith testified the merchandise was sold to her solely on the credit of her husband. Mr. Smith testified he had notified plaintiff in writing prior to any of the purchases in question that it could no longer look to his credit for his wife's purchases. There was evidence the account was originally applied for by the husband. The purchases in the controversy were billed to the wife. There was also evidence that the bulk of the charges were made between October 6, 1969, and October 25, 1969, during the period of separation. Mr. Smith testified such purchases were not in accordance with what their custom had been; that they had never made charges to that extent nor could they have afforded same. Mrs. Smith was asked: "Now ordinarily, did you go around

buying this much this often, just ordinarily?" She replied: "No, not when I was married, no."

This court in *McLean v. Jackson,* 12 Ga. App. 51 (76 SE 792) said: "It is practically impossible to lay down any general definition of the term 'necessaries' which will be applicable in all cases. That which is a luxury today may become a necessity tomorrow. What are deemed necessaries for one person may not be for another. The question depends largely upon the rank, social position . . . or other like circumstances. Each case must stand upon its own peculiar facts. The question is ordinarily one of fact, to be determined by the jury." See also *Bland v. Davison-Paxon Co.,* 83 Ga. App. 468 (64 SE2d 350); *Hume v. Smith,* 101 Ga. App. 452 (1a) (114 SE2d 151); *Bryan v. Rich's, Inc.,* 122 Ga. App. 70 (176 SE2d 225).

The evidence before the court did not demand a verdict for Mrs. Smith. Therefore, the trial court did not err in denying her motion for a directed verdict. Nor can it be said that there was insufficient evidence to support the verdict which the jury returned.

3. Two of Mrs. Smith's enumerations contend that the trial court gave erroneous instruction to the jury relating to the effect of Mr. Smith's notice to Rich's, if they found such notice had been given.

The court charged the language of *Code* § 53-508 dealing with the husband's liability for necessaries when living separately, including the language therein as to the legal effect of notice.

Then, after charging the statute, the court charged that the effect of Mr. Smith's notice to plaintiff, if any such notice was found to have been given, would be to relieve him of liability for payment of items furnished to Mrs. Smith after such notice, but not before. Appellant contends that the charge as particularized was erroneous. It is incorrect standing alone. But when considered along with the charge as a whole (as we must do, *Barbour v. State,* 21 Ga. App. 243 (2) (94 SE 272); *Johnson v. Spielberg,* 92 Ga. App. 277, 278 (88 SE2d 509)) this instruction did not

have the effect of relieving Mr. Smith of liability for necessaries after notice. "We should not assume that the jury paid no attention to some portions of the charge; but on the contrary the presumption is that the jury pays attention to and correctly applies all of the charge." *Stanley v. Squadrito*, 107 Ga. App. 651, 658 (131 SE2d 227); *Bryant v. Chasteen*, 121 Ga. App. 446, 447 (174 SE2d 192). The charge as a whole was highly favorable to Mrs. Smith. It authorized a verdict against her only if the jury believed the items were not necessaries. We find no reversible error in the charge.

4. When the complaint of Rich's, Inc., was filed, Mrs. Smith answered and also cross claimed against Mr. Smith alleging in effect that under the terms of a property settlement entered into in open court preliminary to the final divorce decree, Mr. Smith agreed to pay the outstanding indebtedness owed to Rich's, Inc. She prayed that Mr. Smith be required to pay to Rich's, Inc., all sums deemed due or that she have a judgment against him equal to all sums due.

The trial court's action in striking the cross claim is enumerated as error. The trial court did not rule that the cross claim stated no claim for which relief could be granted, rather the ruling was that the relief sought was not within the subject matter of the original action. Such ruling therefore did not reach the merits and does not foreclose Mrs. Smith's right to bring a separate action and have the merits of her claim, if any, adjudicated as to that phase.

While we think that the cross claim was within the subject matter of the original action (see Civil Practice Act, *Code Ann.* § 81A-113 (g)) and that the trial court could have made rulings going to the merits of the cross claim, we do not find that the failure to do so would be ground for reversal of the judgment in the main action.

*Judgments affirmed in both appeals. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED APRIL 5, 1972—DECIDED MAY 5, 1972.

*Gilbert & Carter, Fred A. Gilbert,* for Mrs. Smith.
*Reeves & Collier, Rex T. Reeves,* for Mr. Smith.
*Cline & Cornett, Eugene Cline, Marion W. Cornett, Jr.,*
for Rich's.