## 48384. HARRISON v. LAWHORNE.

CLARK, Judge. This appeal from the denial of a motion for new trial by a defendant motorist against whom a verdict was obtained by his guest passenger as plaintiff is limited to special grounds contained in the amendment to the new trial motion. These allege errors in overruling defendant's objections to evidence and in the charge to the jury. As originally filed the usual general grounds were included but not contained in the enumerations of error as appellant's counsel recognized these were issues for determination by the jury.

1. The first enumeration of error attacks the court's ruling in admitting documents which purported to be time records kept by plaintiff's employer, the Internal Revenue Service, as to her attendance and absences on her government job. This enumeration also attacked the court's ruling which permitted one of her fellow employees to testify from these records. Two witnesses from the IRS testified concerning their direct knowledge as to the entries made on these records including their supervision of the accuracy and calculation thereof. It was further shown that the original writings were sent to the government's data center in Detroit where the written reports are reduced to microfilm.

Whether regarded as primary evidence or secondary evidence, this evidence was properly admitted.

If regarded as primary evidence it came in the category of a witness having personal knowledge of the facts from which the records were made. As stated in headnote 2 of *Villa Rica Mfg. Co. v. General American Life Ins. Co.,* 55 Ga. App. 328 (2) (190 SE 49): "As a general rule, the testimony of one who has knowledge of

the facts from which books of account are made up is primary evidence as to those facts." See also *Bridges v. Mutual Benefit &c. Assn.,* 49 Ga. App. 552 (176 SE 543).

The basis for admitting these documents as secondary evidence is due to the original being regarded as inaccessible. *Bowden v. Achor,* 95 Ga. 243, 260 (22 SE 254); *Silvey v. Wynn,* 102 Ga. App. 283 (115 SE2d 774); and *Bedgood v. State,* 100 Ga. App. 736 (112 SE2d 430). As is stated by Professor Green in his treatise, Georgia Law of Evidence, 261, § 108: "Secondary evidence will be received of the contents of a writing which is beyond the boundaries of Georgia. It seems that a showing of possession of the original by a third person outside the State is sufficient without any effort to obtain it." Additionally, it should be noted that "[I]t is settled that whether the showing made to admit the secondary documentary evidence and to account for the original writing is sufficient is within the sound discretion of the trial judge, and that his decision in this regard will not be disturbed by this court unless that discretion is manifestly abused." *Williams v. American Surety Co.,* 83 Ga. App. 66, 68 (62 SE2d 673).

Appellant argues that the evidence was inadmissible under our rulings in the cases of *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (177 SE2d 167) and *Photographic Business &c. News v. Commercial Color Corp.,* 122 Ga. App. 825 (178 SE2d 544). Both cases dealt with the admissibility of photo copies. In the *Pitman* case Headnote 2 (b) on p. 406 says the rejection of the photostatic copies of the bank statements was due to an absence of a showing as to these being correct copies and because there was no showing of a foundation for their admission as business records of the bank. In that case, however, in the preceding Headnote, which is 2 (a), our court ruled that the photostatic copies of the checks sought to be introduced should have been admitted irrespective of whether a proper foundation had been laid for their admission under the business records statutes because "any copy of the original identified as a correct copy, is admissible in evidence in lieu of the original." This latter ruling applies to the evidence sub judice.

In the second case the rejection of a xerox copy of a letter was due to the failure to account for the original writing and the absence of any evidence that it was "kept and made in the regular course of business and that photocopy was made to preserve it permanently so as to authorize its admission under Code Ann. §§ 38-710 and 38-711." Our reading of the trial transcript leads

us to the conclusion that these codal requirements were met. The testimony of the supervisor contained in pages 276 to 284 show that (1) the original entry was made in the regular course of business; (2) that it was the regular course of business to make such memorandum or record at the time of the event or within a reasonable time thereafter; (3) that the reproduction was made in the regular course of business; and (4) that such reproduction was made to preserve it permanently. Our construction is in accord with the liberal interpretation of Code Ann. § 38-711 which was stated to be the legislative intent by the declaration contained in Ga. L. 1958, pp. 542, 543.

2. The next three enumerations of error deal with the admission over objection of certain portions of the testimony of a toxicologist employed by the State Crime Laboratory who was used as an expert witness by plaintiff. The three items in her testimony contended to be error were that (a) the test used by her in making the analysis of the blood alcohol was the "normal blood alcohol test used in the Georgia State Laboratory," (b) her findings "that the blood of defendant contained alcohol in the concentration of 150 milligrams of ethyl alcohol per 100 c. c.," and (c) that as an expert witness the results of the test indicated to her "that there was enough alcohol in that subject's blood to make it unsafe for him to drive a motor vehicle, among other things." Enumeration No. 6 attacks the admission of the microfilm record of this blood sample. All four of these assignments involve the same legal considerations and will therefore be considered in this division.

The attorneys representing the appellee have stressed in their brief that in presenting the microfilm record and the evidence of this witness as an expert and not in an official capacity that "plaintiff followed very closely the direction of the court in the case of *Elliott v. Leavitt,* 122 Ga. App. 622." Our examination of the transcript shows this was done.

Upon ruling that this testimony was admissible, the trial judge, Hon. Clarence Peeler, pointed out that no effort was made by the plaintiff to use the statutory presumptions contained in Code Ann. § 68-1625 subparagraph (c). He stated further his ruling was based on *Patterson v. State,* 224 Ga. 197 (160 SE2d 815) which held that there was no prohibition against the introduction of expert testimony concerning the result of a blood alcohol test administered by a qualified person. The trial judge was correct.

Appellant further contended that the statute codified as Code Ann.

§ 68-1625 applies only in penal, as opposed to civil, litigation. This thesis was expressly rejected in *Russell v. Pitts,* 105 Ga. App. 147, 150 (123 SE2d 708).

3. The fifth enumeration of error contends the court should not have permitted introduction of a certified copy of the traffic court conviction upon which a plea of guilty had been entered to the charge of being drunk on the street. Defendant was charged by the investigating officer with three offenses at the time of the incident. These were driving under the influence, failing to remain in a proper lane, and leaving the roadway and striking a fixed object. Defendant's counsel argued below that through plea bargaining the original D. U. I. charge was stricken and in lieu thereof a charge of drunk on the street was substituted. This was handled by other counsel then representing the defendant on the criminal charges. It appears that the plea of guilty to being drunk on the street and payment of a $100 fine was done upon the advice of counsel when the investigating police officer failed to appear. Counsel contends that the charge of "drunk on the street" has no relationship whatever to the operation of an automobile. An additional contention is made that the entry of guilt to a lesser charge by means of plea bargaining comes within the ban of Code § 38-408 which forbids admissions made with a view toward compromise.

We are of the opinion that the record of the guilty plea was properly admitted into evidence on the basis of being an admission against interest. See *Roper v. Scott,* 77 Ga. App. 120 (48 SE2d 118); *Henderson v. Henderson,* 94 Ga. App. 64 (93 SE2d 822); *Johnson v. Curenton,* 127 Ga. App. 687, 689 (195 SE2d 279); *Locklear v. Morgan,* 129 Ga. App. 763 (201 SE2d 163). Even though the charge of "drunk on the street" was substituted for the original D. U. I. accusation, it was a result of the incident which served as the basis of the instant suit and was evidence that the jury was entitled to receive as a circumstance to be considered along with all the other evidence. There was an issue as to whether or not the defendant was under the influence of intoxicants and therefore was admissible. See *Hardeman v. Ga. Power Co.,* 42 Ga. App. 435 (156 SE 642) and *Douglas v. Central of Ga. R. Co.,* 48 Ga. App. 427 (3) (172 SE 828).

We reject the proposition that the result of a "plea bargain"[1] made in a criminal court should be regarded as a compromise that

[1] The U. S. Supreme Court in Santobello v. New York, 404 U. S.

cannot be used in a civil case when the injured party has not participated nor had any voice in that arrangement made solely for the benefit of the accused.

4. Enumerations of error No. 7 and No. 8 contend the court erred by including two requests to charge proposed by plaintiff. When considering these specific portions along with the charge as a whole, which is our duty (*Barbour v. State,* 21 Ga. App. 243 (2) (94 SE 272); *Johnson v. Spielberg,* 92 Ga. App. 277, 278 (88 SE2d 509); *Smith v. Rich's Inc.,* 126 Ga. App. 239 (190 SE2d 493)), we find no error therein. A reading of the entire charge shows the trial judge covered the law fully and fairly without preference to either party and without any legal error.

5. The final enumeration of error contends the court erred in permitting the plaintiff to introduce as exhibits the medical and hospital bills identified by plaintiff and the x-rays and anatomical sketches identified by the physicians. All of these exhibits were proposed as exhibits after witnesses had given the necessary foundation testimony. There was no error in permitting them to be introduced into evidence.

Appellant also argues by brief as to the propriety of the court permitting these exhibits to be taken into the jury room. Although the trial transcript discloses defendant objected to these exhibits being permitted into the jury room, this specific point was not raised in the ground of the motion for new trial nor in the enumeration of error dealing with these exhibits. Ground 10 of appellant's amended motion for new trial was limited to the contention that these exhibits should not have been admitted into evidence. Thus the trial judge was not apprised that his ruling at the trial on this point was being questioned for appeal purposes, "[O]ne is limited in his appeal to grounds of objection which he properly presented to the trial court; he cannot make them for the first time on appeal. *Abrams v. State,* 223 Ga. 216 (9) (154 SE2d 443)." *H. W. Ivey Construction Co. v. Transamerica Ins. Co.,* 119 Ga. App. 794, 795 (2) (168 SE2d 855). Grounds which may be considered on appeal are limited to those which were urged before the trial court. *Kitchens v. State,* 228 Ga. 624 (1) (187 SE2d 268); *Newberry v. State,* 126 Ga. App. 81, 82 (189 SE2d 891).

---

257 (92 SC 495, 30 LE2d 427) described "plea bargaining" as an essential component of the administration of justice and "Properly administered, it is to be encouraged."

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

ARGUED JULY 10, 1973 — DECIDED OCTOBER 29, 1973 — REHEARING DENIED NOVEMBER 27, 1973 — 

*Swift, Currie, McGhee & Hiers, George W. Hart,* for appellant. *Candler, Cox & Andrews, Edward Andrews, E. Lewis Hansen,* for appellee.

EVANS, Judge, concurring specially. I concur fully in the judgment. But I wish to add that as to the last enumeration of error — objecting to allowing medical and hospital bills, x-rays and anatomical sketches to be taken into the jury room — that there was no impropriety whatever in sending this evidence out with the jury while the verdict was being considered. It is true that interrogatories, depositions, confessions, etc., as well as papers which contain some admissible writings and some hearsay statements, are properly kept out of the jury room. But these are the exception and not the rule. The purpose of introducing documentary evidence is to allow the jury to scan it, study it, and gain such impressions therefrom as are properly deducible, and this can best be done inside the jury room. It would make for confusion and delay to ask each juror to study the documentary evidence during the progress of the trial. It would be ridiculous to admit documentary evidence but not allow each juror to get his hands upon it and look at it closely. The documentary evidence here does not fall within the prohibited exception and was properly allowed to go out with the jury.