## A05A1223. THORNTON v. DEPARTMENT OF TRANSPORTATION.
### (620 SE2d 621)

ELLINGTON, Judge.

Following a jury trial in this condemnation proceeding, the Superior Court of Wayne County entered judgment in favor of the condemnees in the amount of $1,300. The trial court denied condemnee Ben F. Thornton's ensuing motion for a new trial, and Thornton appeals. Thornton contends the trial court erred in granting a motion in limine filed by the condemnor, the Georgia Department of Transportation. Thornton also contends the evidence did not support the judgment. Finding no error, we affirm.

The record reveals the following undisputed facts. At the time of the taking, Thornton owned a parcel of land in Wayne County measuring approximately 2.3 acres which had approximately 490 feet of frontage on U. S. Highway 341.[1] On October 14, 1998, the Department filed a declaration of taking pursuant to OCGA § 32-3-4 et seq., condemning a 0.150 acre (approximately 6,500 square feet) tract of Thornton's property as part of a project to improve and widen a portion of U. S. Highway 341. The wedge-shaped tract comprised the entire highway frontage of Thornton's parcel and measured just under five feet wide at the narrower end and approximately 22.5 feet wide at the wider end. Based on an appraisal, the Department estimated $1,300 as the just and adequate compensation to be paid for the taken property, and the trial court issued judgment for that

---

[1] The highway is also designated U. S. Highway 25 and State Road 27.

amount. Thornton filed a notice of appeal pursuant to OCGA § 32-3-14, demanding $19,500 as the value of the property taken and $30,000 in consequential damages to the remainder.

Before trial, the Department filed a motion in limine to prevent Thornton from offering evidence of the price for which he had contracted to sell a 50 square foot subparcel to David C. Bland, Inc. ("Bland"). The Department argued that the contract constituted merely an element or use of the land taken, for which Georgia law does not permit a separate recovery. Rather, the Department argued, such an element or use may be taken into consideration only to determine the market value of the land taken and the consequential damages to the remaining land, and, therefore, no witness may testify as to the separate value of such an element or use.

At the hearing on the Department's motion in limine, the evidence showed that over a year before the taking Thornton had entered into a written contract to sell Bland two ten-foot by five-foot billboard plots for $10,000 each. The contract did not contain a legal description of the plots but indicated that each would be "in a mutually agreeable location" on Thornton's parcel. The sale was contingent "[u]pon final written approval from the Ga. Dept. of Transportation and all other regulatory agencies (if any)." The sale of the first subparcel was completed. As planned, Bland erected a billboard on the subparcel, which was set back approximately 24 feet from U. S. Highway 341, and Bland had an easement across the intervening property.

At the hearing, the Department argued that Thornton should not be allowed to testify that, because of the taking, he lost the specific performance of a $10,000 contract to sell the second billboard plot. The trial court granted the Department's motion in limine and ruled specifically that Thornton would not be allowed to introduce the written contract into evidence or to testify that he could not complete the sale of the second billboard plot because of the taking. The trial court explained, however, that Thornton, or his expert, would be allowed to testify regarding the value of the condemned tract if it were used for a sign. In addition, the trial court explained that evidence of the agreement regarding the second billboard plot could be introduced to show the value of the remainder of Thornton's parcel if it were used for a sign and to show consequential damages to the remainder.

At trial, Thornton testified that before the taking he had installed a driveway from U. S. Highway 341 across a drainage ditch and erected a small commercial building on the property and had used the property as a used car lot. Thornton testified that the driveway cost $5,000 to install and was worth that amount. In addition, Thornton testified that Bland offered to buy two five-foot by

ten-foot billboard plots for $10,000 each and that one of the sales was completed. Thornton testified that the highest and best use of part of the condemned tract was for the installation of a billboard. Thornton estimated the value of that part of the condemned tract at $10,000.

1. Thornton contends the trial court erred in granting the Department's motion in limine, ruling out the written contract for the two billboard plots and Thornton's testimony showing "the value and location of the sign under the partially performed contract." According to Thornton, this ruling deprived him "of the ability to show that he lost the value of his contract to sell another five foot by ten foot . . . sign location for $10,000 because the [Department] took this location." The admissibility of evidence lies in the trial court's discretion, and the appellate court reviews evidentiary rulings under the abuse of discretion standard. *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 902-903 (2) (517 SE2d 365) (1999).

> The measure of just and adequate compensation for the taking is first, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned.

(Citation and punctuation omitted.) *Ideal Leasing Svcs. v. Whitfield County*, 254 Ga. App. 397, 399 (562 SE2d 790) (2002). "The proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking." (Footnote omitted.) *Henry County Water &c. v. Adelson*, 269 Ga. App. 206, 207 (1) (603 SE2d 714) (2004).

Because Thornton did not claim lost profits or business losses, the trial court did not abuse its discretion in limiting Thornton to evidence of the value of the property taken and consequential damages to the remainder, i.e., the difference in the value of the remainder just before and just after the taking. In addition, from a practical standpoint the trial court's ruling did not prevent Thornton from testifying that the best use of the condemned tract was for a billboard and that, based on the previous sale, the value of the condemned tract was $10,000. Thornton also testified that he had a contract to sell part of the condemned tract for $10,000 for installation of a billboard which, self-evidently, he was not able to consummate after the Department took the tract which included the billboard plot. The written contract would have been merely cumulative of Thornton's testimony.

2. Thornton contends the overwhelming weight of the evidence showed the property taken was worth at least $5,000 and, therefore, that the trial court erred in denying his motion for new trial. "In passing upon the general grounds of a motion for new trial we consider all the evidence and if the finding is supported by any evidence this court will not disturb it." (Citation omitted.) *City of Jefferson v. Maddox*, 116 Ga. App. 51, 55 (6) (156 SE2d 553) (1967). Further, "[a] value finding in a condemnation case will not be set aside as inadequate or excessive where it is within the range of the evidence." (Citation and punctuation omitted.) Id. at 56 (6).

In support of his argument, Thornton points to his undisputed testimony that the condemned tract included a partially completed commercial driveway which cost him $5,000 and, in his opinion, was worth $5,000. Based on this, Thornton claims that as a matter of law the condemned tract had a fair market value of at least $5,000. This is not the law. "Fair market value is defined as the price that a seller who desires but is not required to sell and a buyer who desires but is not required to buy would agree is a fair price after due consideration of all the elements reasonably affecting value." *Dept. of Transp. v. Old Nat. Inn*, 179 Ga. App. 158, 159 (1) (345 SE2d 853) (1986). Although evidence of the value of improvements may be admissible as it pertains to the issue of the value of the property as improved,[2] such evidence does not demand a finding that the market value of the property is equal to or more than the cost of improvements. In this case, the jury heard evidence that the property was worth $1,300 (the appraisal offered by the Department, which was based on comparable sales in the market place), at least $5,000 (Thornton's testimony of the cost and value of the driveway), and $10,000 (Thornton's testimony regarding the planned installation of a billboard). Because the jury's valuation was within the range of the evidence, the trial court properly denied Thornton's motion for a new trial. *City of Jefferson v. Maddox*, 116 Ga. App. at 55-56 (6).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 7, 2005 — ▮

*Phillips & Kitchings, Richard Phillips, Joseph C. Kitchings*, for appellant.

*Thurbert E. Baker, Attorney General, Jerry W. Caldwell*, for appellee.

---

[2] *Dept. of Transp. v. Brooks*, 153 Ga. App. 386, 391-392 (5) (265 SE2d 610) (1980).